M. J. GRANDE, AND OTHERS V. RAFAEL HERRERA AND ANOTHER.

Husband and wife reside in Nacogdoches ; husband dies in 1839, and wife administers in Nacogdoches; records show no further act than taking out the letters and filing the bond and oath ; but there is evidence that a judgment was recovered in 1840 against the administratrix, on community debt, which had been secured by mortgage, and some property was sold under execution on said judgment in 1844, in part satisfaction of said judgment, leaving a large balance due ; wife dies 1846 ; same year administration taken out in Nacogdoches, on her estate ; but inventory and sales and whole proceedings show that a few articles of personal property in the said county, were regarded as constituting her whole estate ; administration ceases by death of the administrator in 1851 ; in 1847 administration is granted in Bexar on the estates of both husband and wife jointly ; inventory shows that there were some lots of land belonging to their estates in that county ; one of the lots being community property was sold by order of the Probate Court in 1848 ; *Held*, that said sale was valid.

The fact that a second grant of administration on an estate is general, and not confined to the goods &c., *de bonis non*, and makes no mention of a previous administration, could not affect the power of the Court. That is the character of the grant, in substance, though not so expressed in form.

Where there was no administration in the county of the domicil, administration could be opened in a county where the decedent had real estate.

Administration *de bonis non* is not void because not taken out in the same county where the original letters were granted.

Where the husband and wife are both deceased, and letters of administration are first taken out on the estate of the wife, and the community property is reduced into possession by such administrator, it would admit of much doubt whether the administrator of the husband, on a subsequent grant, could claim control over said property.

The grant (of administration) including two estates under one administration is something of a novelty, but would not be void, either in whole or in part, if the Court had jurisdiction over both estates. It would in many cases be productive of inconveniences; in others it would seem to be quite proper and convenient, as in cases of joint property or community of goods between husband and wife.

Appeal from Bexar.

*Hewitt & Newton*, for appellants.

*I. A. & G. W. Paschal*, for appellees.

HEMPHILL, CH. J. This is a suit to recover a lot of land in the city of San Antonio. The plaintiffs claim as the heirs of their grand father, Juan Antonio Padilla,—and of his wife, their grand mother, Maria Polonia Montes de Padilla. The defendants rely upon a purchase at a sale by the administrator of the said Juan and Maria Padilla, said sale being made and confirmed by an order of the Probate Court, and upon a confirmation of the said sale by the acts of the plaintiffs giving the person who acted as adminissrator the power to sell and receiving at least a portion of the purchase money. The plaintiffs insist that the sale and deed under it are absolute nullities, that the administration was void, and that the acts of the heirs do not amount to a ratification of the sale. Some of the most material facts in the case are, that Juan Antonio Padilla and his wife removed from San Antonio to Nacogdoches in 1835; —the husband died in 1839, and his wife administered in Nacogdoches; the records show no further act than taking out the

letters and filing the bond and oath. But there is evidence that Sam Houston recovered in 1840 a judgment against the administratrix, on a community debt, which had been secured by mortgage, and some property was sold in Nacogdoches county in 1844 in part satisfaction of said judgment, leaving however a large balance due and unsatisfied. The wife died in 1846 ; and in the same year administration was taken out in Nacogdoches by Noblitt on her estate. The inventory and sales and the whole proceedings show that a few articles of personal property in the said county were regarded as constituting her whole estate. The administration ceased by the death of the administrator in 1851. In 1847, on the petition of Pedro Flores, administration was granted him in Bexar county on the estates of both husband and wife. The inventory shows that there were some lots of land belonging to their estates in that county. One of the lots was sold by order of the Probate Court in 1848. In January, 1849, Maria Jesusa Grande, one of the plaintiffs, wrote to Pedro Flores, the administrator, revoking a power of attorney given by herself and co-plaintiffs to one Chavis, to sell the lands in the possession of the administrator, and conferring the power to sell upon the said Flores. In the letter, the writer refers to monies received from Mr. Flores, and in another letter her sisters, the co-plaintiffs, unite with her in the revocation of the power to Chavis and substituting Flores himself.

In the same month and year, viz : in January, 1849, the plaintiffs executed a formal power of attorney to Pedro Flores, recognizing him as the administrator of their grand mother, and giving him the most plenary powers over the property left at her death, and, among other powers, giving him full authority to sell the same either publicly or privately.

In June, 1849, Flores shows to the Probate Court, the condition of the estates ; that there was a large balance due on the Houston judgment, and that there were costs of Court, &c. Upon the petition and showing a sale was ordered, the lot in

controversey, with other property, was sold, and the sale was duly confirmed. There was evidence that a portion of the proceeds of the sales had been paid to the plaintiffs, and in another case by the same plaintiffs, there is evidence that all of the proceeds, to which the plaintiffs were entitled, had been transmitted to them. It was in proof that the lot belonged to the community, having been acquired after marriage, by purchase.

Had Flores taken out administration on the estate of the husband alone, there does not seem to be any plausible grounds on which the plaintiffs could have objected to the grant as void for the want of jurisdiction in the Court. The facts show, it is true, a previous administration upon the said estate, but upon which there does not seem to have been any action. A large balance upon a judgment is shown against said estate, and under circumstances which repel a presumption of payment. There was necessity, then, for further administration; though, had the estate been in the possession of the heirs, the creditor might have pursued the property in their hands, for satisfaction of his debt. There had not been, in fact, any real administration of the estate, and none under the circumstances could be presumed from the lapse of time.

The fact that the grant is not for the goods *de bonis non,* could not affect the question of the power of the Court. This is the character of the grant, in substance, though not so expressed in form.

The decedent had real estate in the county, and that would authorise the Court to assume jurisdiction, there being no administration in the county of the domicil.

It would seem, then, that had the administration of Flores been limited to the estate of Juan Antonio Padilla, its character would have been that of a common administration *de bonis non,* and its acts in due exercise of its functions, could not have be impugned by the plaintiffs as heirs, interested in the estate. It may be said that Mr. Noblitt, who took out ad-

ministration on the estate of Mrs. Padilla, in 1846, and before the grant to Flores in Bexar county, had, in his fiduciary capacity, the best title to this property, as it formed a portion of the community goods.

Where the husband and wife are both deceased, and letters of administration be first taken out on the estate of the wife, and the community property be reduced into possession by such administrator, it would admit of much doubt whether the administrator of the husband, on a subsequent grant, could claim control over said property. If the community were indebted largely beyond its assets, the administrator of the husband might very plausibly insist upon a right to the possession, upon the ground that the private property of his intestate would, on the assets of the community being exhausted, be under ordinary circumstances, most probably first applied to the satisfaction of the balance of the indebtedness, as it was contracted through his agency and under his management. Let that be as it will, it is not material in this case. Here the administrator of the wife did not recognize this property as a part of the community. His acts show an entire ignorance or wilful neglect of the property, and consequently the mere fact of the priority of his administration would not render the possession of Flores unlawful or his administration of the property a void act.

If this then were an administration by Flores on the estate of the husband alone, the jurisdiction of the Court to order the sale of community property for the payment of a community debt, costs and charges, could not be doubted, and the title of the defendants claiming under the sale would be of unquestionably validity. Can the fact that the grant was for the administration of the estates of both husband and wife (if it be admitted that it was not good as respects the estate of the wife) impair its effect, or when regarded with reference to the estate of the husband. This inquiry must be answered in the negative. The grant is divisible, and the act of the Court, to the

extent of its jurisdiction, should be maintained, although as to the excess it may be void.    There is no imputation against the fairness of the sale.    There is no doubt of the fact of indebtedness, and that it was a just and legal incumbrance upon the property in controversay.    Whether the administrator should be allowed in the settlement of the estate the full amount of the judgment in favor of Houston or only the sum expended by his father in the purchase of the judgment, is a question between him and the heirs, but with which purchasers have no concern.

The grant including two estates under one administration is something of a novelty, but would not be void, either in whole or in part, if the Court had jurisdiction over both estates. It would in many cases be productive of inconveniencies ; in others it would seem to be quite proper and convenient, as in cases of joint property or community of goods between husband and wife.

Having decided that the grant of administration to Flores, so far as it covers the estate of Juan Antonio Padilla, was valid and that the title to the purchaser could not be questioned, the sale, having been made under the authority of the Court and in the due course of administration, it does not become necessary to examine the effect of the acts or acquiescence of the heirs, nor to discuss the grounds of error which have been assigned.    The view we have taken of the facts answers and overreaches all the objections taken to the admission of evidence, the submission of issues to the jury, &c.

The judgment is well sustained by the facts legitimately in evidence, and whether there be errors or not in the rulings or proceedings, becomes immaterial.    There being no error in the judgment, it is ordered that the same be affirmed.

Judgment affirmed.