# Wells *v.* Thompson.

*Trial of Right of Property in Cotton, between Landlord and Mortgagee for Advances.*

1. *Liens of landlord and mortgagee on tenant's crop, for advances.* — A landlord's statutory lien on the crop of his tenant, for advances made by him to aid in its

[Wells *v.* Thompson.]

cultivation (Sess. Acts 1870–71, p. 19), is superior to that of another person, to whom the tenant was indebted for advances made under a former contract, and whose lien for such advances, whether in the form of a mortgage, or a statutory note or obligation (Rev. Code, § 1858), was given after the contract of renting commenced, but before any advances were made by the landlord.

2. *Forbearance to sue for damages, or prosecute criminally, for enticing servant.*—Where a landlord and another person, from whose service the tenant was enticed away by the landlord, have conflicting liens on the tenant's crop, a promise or agreement by the landlord, who has the superior lien, to subordinate his lien to that of the other, if the latter will forbear to sue him for damages for enticing away his servant, is supported by a valid and sufficient consideration; but an agreement by the latter not to prosecute the landlord criminally for having enticed away his servant would be contrary to public policy, and would not support the landlord's promise to give priority to the latter's lien.

3. *Parol agreement outside of written.*—In a contest between the landlord and another person, as to the relative priority of their liens on the tenant's crop, each having a written contract with the tenant, a parol agreement between themselves as to their liens, supported by a valid consideration, is outside of their written contracts with the tenant, and between different parties, and may therefore be upheld.

4. *Statute of frauds as to contract not to be performed within one year, and to answer for default of another.*—A promise by the landlord, to a person from whose service he has enticed away the tenant, and to whom the tenant was then indebted for advances made under a former contract, to subordinate his lien as landlord on the tenant's crop to the other's statutory lien for advances, in consideration that the latter would forbear to sue him for damages, is not within the statute of frauds (Rev. Code, § 1862), unless the landlord also agreed to answer for any default of the tenant to the other.

APPEAL from the Circuit Court of Perry.
Tried before the Hon. M. J. SAFFOLD.

BAILEY & LOCKETT, for appellant.

JNO. F. VARY, *contra.*

B. F. SAFFOLD, J.—The appellant commenced suit against Joe Smith, to recover the amount of a lien note, or obligation, given by the latter under the provisions of section 1858 of the Revised Code, by attaching some cotton. The appellee claimed the cotton; and upon the trial of the right of property, judgment was given for the claimant. The cotton was produced on the premises of the appellee, by Joe Smith, his tenant, and was turned over to him by the said tenant, in payment of advances made during the year of its production, to assist or aid in the cultivation of the land, before the levy of the attachment.

The appellant had a contract for rent, or personal service, with said Joe Smith for the same year, and prior to the appellee's renting. Smith was indebted to him for some advances of provisions and clothing, besides a balance due under a similar contract for the previous year. About the last of March, Smith abandoned the contract with the appellant, and made the one with the appellee. Thereupon, the appellant obtained from him the lien note sued on, in which was included

all of his indebtedness. The note is conformable to section 1858 of the Revised Code, and, in addition, has the requisites of a mortgage, and is acknowledged before a proper officer.

By an act approved March 8, 1871, entitled "An act to amend section 2961 of the Revised Code," a lien is created in favor of the landlord, on the crop grown on his land, for advances made by him to secure its cultivation, commensurate with his lien for the rent. It is made a part of the contract of renting. The appellant's lien, or mortgage, is subsequent to the lien of the appellee, and, consequently, is subject to it. Liens are to be paid according to the order of time in which they respectively attached. Whether created by law or by contract, they may as well be given to secure future advances and contingent debts, as those which already exist, and are certain and due. The future advances will be covered by the lien, when this is a constituent part of the original agreement, in preference to the claim under a junior intervening incumbrance, with notice of the agreement. 4 Kent, pp. 175–8; *Conrad* v. *Atlantic Ins. Co.* 1 Peters, 448.

If the claimant had rendered himself liable to a suit for damages, for enticing away a servant, and had agreed with the plaintiff to subject his lien as landlord to the other's lien note or mortgage, in consideration of not being sued for damages, the consideration would be sufficient to support the agreement, which need not have been in writing. *Adams & Wife* v. *Adams*, 26 Ala. 272. An agreement not to prosecute criminally would be contrary to public policy. Evidence of such a parol contract would not be incompetent, as affecting or varying the separate written contracts made with Smith by the plaintiff and the claimant, because there would be no collision ; *Garrow* v. *Carpenter & Hanrick*, 1 Porter, 359; *Deshazo* v. *Lewis*, 5 Stew. & Port. 91; and no identity or privity of parties. *Venable* v. *Thompson*, 11 Ala. 147. But if the claimant's agreement was to answer for any default of Smith to the plaintiff, it should have been written, with the consideration expressed. *Martin* v. *Black's Ex'rs*, 21 Ala. 721; 1 Parsons on Contracts, 498.

The court excluded all evidence of an agreement between the plaintiff and the claimant, in respect to the lien note or mortgage of the former, on the ground that the defendant Smith had a right to rent land, and, therefore, there was no consideration for the said agreement. The reason assigned for the exclusion shows that the ruling was against the competency of the evidence for any purpose. The claimant would be liable to the plaintiff for damages, if he enticed the defendant away from his service. The evidence, as well as that pertaining to the contract between the plaintiff and the defendant for

his services, which was also excluded, might have shown such a liability. Where evidence is erroneously excluded on a single specified ground, injury is presumed. *Moseley's Adm'r* v. *Martin*, 37 Ala. 216.

The judgment is reversed, and the cause remanded.