# Sloss-Sheffield Steel & Iron Co. v. Reid.

## Injury to Servant.

(Decided January 20, 1914. 64 South. 334.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where the action was for injuries to an employee caused by placing his hand dangerously near the side rod of an engine, if there was any error in sustaining a demurrer to a plea that plaintiff knew of the defect which caused the engine to start unexpectedly, and with an appreciation of the danger arising therefrom, placed his hand where it would be injured, and in doing so assumed the risk of injury, it was rendered harmless where the same defensive matter was presented by another plea to which no demurrer was sustained.

2. *Master and Servant; Injury to Servant; Pleading.*—Where the action was for injuries to an employee caused by placing his hand

[Sloss-Sheffield Steel & Iron Co. v. Reid.]

dangerously near the side rod of an engine where it was injured by the unexpected starting of the engine, a plea predicating the negligence of plaintiff on a failure to open the cylinder cock of the engine was demurrable, the plea failing to allege that the resultant diminution of the steam pressure would have so retarded the starting of the engine as to have avoided the accident.

3. *Same; Contributory Negligence.*—Where the employee was engaged in cleaning an engine with steam up and could have easily prevented the spontaneous movement of the engine by the movement of a lever, his failure to take such action constituted contributory negligence, barring his right to recover for injury sustained to his hand from the spontaneous starting of the engine.

4. *Same; Evidence.*—Where the action was by an employee for injuries from the sudden starting of an engine when his hand was dangerously near a rod in the discharge of his duty of cleaning the engine, and the issue presented by the pleadings was as to the necessity of so placing his hand, it was competent to show that he could have wiped off the engine at a time when there was no steam on, and that there was no necessity for his hand being in the position where it was when injured, and also to show that it was not customary to clean such engines with steam up.

5. *Same; Expert Testimony.*—Whether it was necessary to clean the engine when the steam was up, or for the employee to place his hand where it would be injured in case the engine started, and also whether it was customary to clean such engines while in operation, were proper subjects for expert testimony.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. Gwin.

Action by J. M. Reid against the Sloss-Sheffield Steel & Iron Company, for damages for injuries received while in its employment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

A statement of the complaint, and special pleas numbered 18 to 22, inclusive, will be found in the report of the former appeal of this case (177 Ala. 262, 58 South. 301). Pleas 25 and 27 will also be found in that report. Following are the other pleas discussed in the opinion:

(23) "Defendant, for further plea in answer to each count of complaint, separately and severally says that plaintiff ought not to recover against defendant, for defendant avers plaintiff knew of the alleged defect, and with an appreciation of the danger arising therefrom, and knowing that if he placed his hand or arm on the

disk or side rod on said engine he would probably be injured thereby, and appreciating the danger of so doing, nevertheless plaintiff placed his hand which was injured on the disk or side rods of said engine, when he could have done the work he was then engaged in without placing his said hand thereon, and was injured as alleged in his complaint, and in so doing, plaintiff assumed the risk of injury which resulted to him."

(24) "To all the counts separately and severally, defendant says that plaintiff was himself guilty of negligence which proximately contributed to his said alleged injuries in this: That he negligently caused or allowed his hand to be on or dangerously near the disk or side rod of said engine, knowing that it was dangerous to cause or allow his said hand to be in said position, and knowing that the throttle valve of said engine was defective, and that steam was passing from the boilers into the cylinders of said engine, and that said steam would probably cause said engine to start up, and that the passage of steam from the boilers to the cylinders of said engine could be diminished or retarded by opening the cylinder cocks or valves, then and there connected with said engine, nevertheless plaintiff negligently failed to open said cylinder cocks or valves before causing or allowing his said hand to be at said place, or in said position."

(26) "To each of the counts separately and severally, defendant says plaintiff himself was guilty of negligence which proximately contributed to his injuries in this: That he negligently caused or allowed his hand to be on or dangerously near to the disk or side rod of said engine, or between said disk and said side rods, knowing that it was dangerous to cause or allow his hand to be in said position, and knowing that the throttle valve of said engine was affected, and that steam was passing from

the boilers into the cylinders of said engines, and that said steam would probably cause said engine to start up, and that the amount or volume of said steam in said cylinders could be diminished or retarded and the starting up of said engine delayed by opening the cylinder cocks or valves, then and there connected with said engine, nevertheless plaintiff negligently failed to open said cylinder cocks or valves before causing or allowing his hand to be at said place or in said position."

(28) Same as 26, except that it was alleged that, when said steam reached or acquired a certain pressure in said cylinder, it would probably cause said engine to start, and that said certain pressure could be retarded or postponed by opening the cylinder cocks or valves then and there connected with said engine, nevertheless plaintiff negligently failed to open said cylinder cocks or valves before causing or allowing his said hand to be at said place or in said position.

Demurrers were overruled to pleas 18, 19, 20, 21, 22, and 17, and sustained as to pleas 23, 24, 25, 26, and 28. The fifth ground of demurrer to pleas 23 to 29, inclusive, it is not alleged that there was a safer way known to plaintiff to perform the work in carrying out the orders and instructions of his superiors, and that he was negligent in selecting the dangerous way. The sixth ground of demurrer to plea 28 is as follows: "It is averred that pressure in the cylinders could have retarded, but it is not alleged the retarding of the pressure would have cured or remedied the defect alleged in each count of the complaint or saved injury to· plaintiff. "Plaintiff's evidence tended to show that the throttle valve controlling the steam was defective and leaked into the cylinder; that this caused the engine to start up without warning even with the valve closed, and the cylinder cock wide open; and that this defect had been

seasonably reported to defendant's superintendent, Harmon, who failed to repair it."

On cross-examination plaintiff admitted that he knew of the defect, and that the engine was liable to go at any time, as he had often seen it do, and that, if he had been paying attention to it, he would have known it would strike his hand. There was evidence tending to show that if the engine had been kept connected with the drum and friction brake, as might have been done, this would have prevented the moving of the engine. On this subject the court charged the jury: "You are to determine whether or not an ordinarily prudent man would have taken · that precaution, (and) whether or not, if he had taken that precaution, it would have prevented the engine from turning over with a leaky throttle valve." Defendant duly excepted to this charge.

Charge 1 refused to defendant is as follows: "I charge you that the law classes as negligent, not only conscious imprudence, but also forgetfulness of and inattention to dangers which are both known and understood; and if you believe from this evidence that plaintiff's forgetfulnes or inattention to any danger known to and understood by him proximately contributed in the slightest degree to cause his injury, as averred in either of the pleas of contributory negligence, you must find for defendant, although you may believe the throttle valve mentioned in the complaint was defective."

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. The court erred in sustaining demurrers to pleas 23. Also to pleas 24 and 25, 26 and 28.—*Sloss-S. S. I. & R. Co. v. Knowles,* 129 Ala. 410; *Alteriac v. West P. Co.,* 161 Ala. 436; *George v. M. & O.,* 109 Ala. 246; *So. Ry. v. Worthy,* 114 Ala. 184; *Coosa Mfg. Co. v. Williams,* 133 Ala. 606; *A. B. & A. R. R. Co. v. Alexan-*

*der,* 161 Ala. 382; *Gaynor v. Ill. Cent. R. R. Co.,* 152 Ala. 191; *King v. Woodward I. Co.,* 59 South. 265; *Reid v. Sloss-Sheffield,* 58 South. 303; *Forkes v. Davidson,* 147 Ala. 702. It was competent to show the necessity or not for appellee to wipe or clean the engine with the steam up, and whether it was customary or necessary to do this while the engine was in operation, and this was the subject of expert testimony.—*Forbes v. Davidson, supra; Huggins v. So. Ry.,* 148 Ala. 155; *Staples v. Steed,* 167 Ala. 241; *Dilburn v. L. & N.,* 156 Ala. 228; *Cohn, et al. v. Robbins,* 159 Ala. 289. On these authorities and authorities supra, the court was in error in its other rulings on the testimony. On these authorities appellee was guilty of contributory negligence barring his right of recovery.

PINKNEY SCOTT, for appellee. The court properly sustained the demurrers to the plea.—*Osborn v. Ala. S. & W. Co.,* 133 Ala. 571; *So. C. O. Co. v. Walker,* 51 South. 169; *Lockhart v. Sloss-Sheffield,* 51 South. 627; *Jones v. Pioneer M. & M. Co.,* 149 Ala. 402. In any event it was harmless error as defendant had the benefit of these pleas under pleas to which demurrers were overruled. Counsel discusses the other assignments of error, and cite in support thereof the former appeal of this case.— *Reid v. Sloss-Sheffield,* 58 South. 301.

SOMERVILLE, J.—On a former appeal (*Reid v. Sloss-Sheffield, etc., Co.,* 177 Ala. 262, 58 South. 301) it was held that defendant's plea 25 was not subject to the demurrer. The trial court seems to have overlooked this ruling, and erroneously sustained the demurrer to this plea, which is not sufficiently covered by any other plea to avoid the imputation of prejudice by reason of its improper elimination.

Plea 23, whether defective or not, was fully covered as to its defensive matter by plea numbered 18, and its elimination was not prejudicial to defendant.

Pleas 24, 26, and 28 are subject to the sixth ground of demurrer in that they predicate plaintiff's negligence upon his failure to open the cylinder cocks, without averring that the resulting diminution of steam pressure would have so retarded the starting of the engine as to have avoided the injury to plaintiff's hand. The averments of these pleas do not bring them within the ruling in *A. & B. A. L. Ry. v. Alexander,* 161 Ala. 382, 49 South. 792, where it appeared that using the reverse lever would have diminished the amount of steam passing through the leaky throttle valve into the cylinders by one-half, so that the accumulation of sufficient steam to move the engine, while plaintiff was working under it, would have required twice as much time, and so probably have conserved his safety.

The case went to the jury upon pleas 18 and 20, among others, and the essential issue presented by these pleas was the necessity vel non of plaintiff's placing his hand upon or dangerously near the side rod or disk of the engine while discharging the duties of his service.

The evidence showed that while cleaning the engine, wiping off its parts with his right hand, during a brief intermission in its actual operation, plaintiff inadvertently rested his left hand on the crank between the side rod and the disk, so that when the engine moved it was caught between those parts.

On the issue stated, it was unquestionably proper for defendant to show the absence of any necessity for the presence of plaintiff's hand at a place of known danger; and, as tending to show such absence of necessity, it was clearly competent to show that the duty of wiping off the engine could have been done at times when no

steam was on, and that it was not necessary to do it during the short intervals between car trips. It was competent, also, to show that the use of one hand was sufficient for that purpose, and that there was no necessity for nor propriety in the left hand of a right-handed cleaner being placed upon any part of the crank or disk during such a service. Equally competent also was evidence that it was not customary to clean such engines while in operation.—*Western Ry. v. Arnett,* 137 Ala. 414, 426, 34 South. 997. These are matters of expert and not of common knowledge, and the witnesses interrogated were men of skill in that line and competent to give their opinion.—11 Cyc. 232j. This is not taking from the jury the ultimate question of plaintiff's negligence under all the circumstances of the case, but only furnishing them with a basis more or less complete for their final conclusion. We do not mean to' approve the form and merit of all of the questions propounded by defendant along this line, but what we have said will be a sufficient guide to the trial court upon another trial. We do not find any other material error in the rulings of the court on the evidence. The oral charge of the court, as excepted to, properly submitted to the jury the issue stated therein.

The evidence shows without dispute that the friction appliance and brake attached to the drum, and controlled by a lever which was convenient for instantaneous use by the plaintiff while operating the engine, would, if applied by him with the throttel valve closed, have absolutely prevented the spontaneous action of the engine; and that this could have been done instantly without any appreciable loss of time.

Under all the evidence, we think it was clearly the duty of plaintiff to resort to this simple and convenient means of avoiding danger, and that his failure to

do so was negligence as matter of law, proximately contributing to his injury, and forbidding a recovery in this action.—*A. & B. A. L. Ry. Co. v. Alexander*, 161 Ala. 384, 49 South. 792. It is of course wholly immaterial that these appliances were not part of the engine operated by plaintiff, if they were at hand, and he was acquainted with their operation and effect.

It results that the trial court should have given the general affirmative charge for defendant, as requested. For the errors pointed out, the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and DE GRAFFENRIED, JJ., concur.