(98 South. 730)

## ODEN–ELLIOTT LUMBER CO. v. DANIEL-GADDIS LUMBER CO.
### (6 Div. 748.)

(Supreme Court of Alabama.   Nov. 29, 1923. Rehearing Denied Jan. 24, 1924.)

**1. Witnesses ⊜37(3)—Witness who inspected lumber properly permitted to testify to percentages of the several grades according to his "best recollection."**

Witness, shown to have had a distinct recollection of his inspection of certain lumber and the percentage of the several grades thereof, was properly permitted to testify to the percentages of the several grades according to his "best recollection."

**2. Witnesses ⊜257—Rule as to reading of memorandum stated.**

A witness, who testifies that he made a written memorandum of the facts at the time of the occurrence, and knows that it was correct when made, may read the memorandum as a part of his evidence, if he does not remember the facts, but not if he remembers the facts contained in the memorandum at the time he testifies.

**3. Sales ⊜182(1)—Whether seller of lumber had stacked it in accordance with the contract held for jury.**

Where a witness, who qualified as an expert inspector of lumber, testified how seller's lumber was stacked, and the method of stacking such lumber by other manufacturers and dealers, the question whether the seller had employed the proper method of stacking lumber tendered to buyer, under provision of contract requiring lumber "to be on sticks for 30 days," *held* for jury.

**4. Evidence ⊜516 — Whether lumber was stacked in accordance with the practice observed by hardwood manufacturers and dealers held proper matter for expert testimony.**

Where a witness qualified as an expert inspector of lumber, and testified that he had inspected certain lumber, the refusal to permit the witness to answer question as to whether the lumber inspected was in separate stacks in accordance with the practice observed by hardwood manufacturers and dealers *held* reversible error, such fact being matter of expert and not of common knowledge.

**5. Principal and agent ⊜20(1) — Third persons may testify as to agency.**

Third persons may testify as to the fact of agency.

**6. Sales ⊜181(5)—Evidence as to condition of lumber at future date if not restacked properly excluded.**

In an action for buyer's refusal in September, 1920, to accept lumber, involving question as to whether the lumber was properly stacked, testimony of a witness that, if the lumber had been left in the condition in which he found it, it would have been rotten by the following February or March, *held* properly excluded as immaterial.

**7. Sales ⊜166(1)—That lumber reduced in grade within classes sold not ground for refusal to accept.**

Buyer of lumber could not refuse to accept it on the ground that the lumber tendered was not according to specifications because reduced from a higher grade to a lower grade, when still within the classes sold and within the specifications of the contract.

**8. Evidence ⊜506 — Expert testimony as to whether lumber had been put on sticks held proper as not invading province of jury.**

In seller's action for buyer's refusal to accept lumber in which the buyer claimed that the lumber tendered was not according to specifications requiring the lumber to be put on sticks, and in which there was expert testimony as to meaning of "putting on sticks" in the lumber trade, refusal to permit an expert witness to testify whether lumber stacked as described to witness had been put on sticks *held* error, such testimony not invading the province of the jury.

**9. Evidence ⊜142(1)—Testimony as to price paid for other lumber at place of delivery not competent to prove damages.**

In action in which buyer claimed damages for failure of lumber tendered to meet specifications as a set-off, testimony as to the price buyer paid for lumber to replace that not according to the contract was not admissible to prove buyer's damages.

**10. Sales ⊜384(7)—Matters considered in ascertaining seller's damages on buyer's refusal to accept lumber stated.**

In seller's action for buyer's refusal to accept lumber, the jury, in ascertaining whether seller was damaged, and in fixing the amount thereof, could consider the market price, the cost of loading on cars at the mill, and the

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

amount realized on a resale of the rejected lumber at the same place and market.

**11. Sales ⊗⟿384(1)—Seller required to diminish damages if possible on buyer's refusal to accept goods.**

On buyer's refusal to accept lumber seller was required to diminish the damages if it could reasonably do so.

**12. Sales ⊗⟿153, 371—Buyer's refusal to accept portion of lumber delivered relieved seller from duty of making subsequent tenders.**

Buyer's refusal to accept portion of the lumber tendered relieved seller from making further tender of lumber to be subsequently delivered, but seller could recover in action for refusal to accept lumber on proof of readiness, ability, and willingness to make further deliveries.

**13. Sales ⊗⟿379 — Allegation that defendant "bought" lumber and proof of breach of executory contract to receive lumber held not a variance.**

In seller's action for buyer's refusal to accept lumber, there was no variance by reason of allegation that defendant "bought" the lumber, and proof showing merely the breach of an executory contract to receive the lumber and not an actual change of title.

**14. Appeal and error ⊗⟿236(2)—Variance not made ground of motion for affirmative charge not available.**

Variance not made ground of motion for affirmative charge was not available on appeal under court rule No. 34.

**15. Sales ⊗⟿388—Instruction as to handling of lumber as justifying rejection by buyer held properly refused.**

In seller's action for buyer's refusal to accept lumber under a contract for delivery of "No. 3, common and better poplar," involving an issue as to what the parties meant thereby, instruction justifying refusal if the lumber was so handled as to be reduced in value, without requiring that it be reduced below No. 3 common, *held* properly refused as misleading and erroneous.

On Rehearing.

**16. Trial ⊗⟿84(1)—Objections not specified waived by specific objection to testimony.**

When a specific ground of objection to testimony is interposed and assigned, all other grounds of objection are waived.

Appeal from Circuit Court, Jefferson County; J. O. Smith, Judge.

Action by the Daniel-Gaddis Lumber Company against the Oden-Elliott Lumber Company, for breach of contract. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The questions asked the witness Eddy, the sustaining of objection to which is made the basis of assignments of error 15 and 16, are as follows:

"Q. Mr. Eddy, I will ask you whether or not as an experienced lumberman and in the lumber trade, it would be taken that lumber as I have described to you was lumber stacked on sticks?"

"Q. Mr. Eddy, describe, please, sir, what constitutes stacking No. 3 and better than common poplar lumber on sticks."

Charge 5, refused to defendant, is as follows:

"(5) The court charges you, gentlemen of the jury, that the contract between the parties in this cause entitles the defendants to receive from the plaintiffs the upper grades of poplar lumber, including in the order No. 3 common and better in a reasonably good merchantable condition. And if you are reasonably satisfied under the evidence that the lumber was so handled by the plaintiffs before said order was canceled as to cause the upper grades of lumber and thereby reduce their value in the market, then the defendants would be justified in requiring the delivery of reasonably merchantable lumber upon said order, and be justified in canceling said order, if the plaintiffs decline to comply with such request."

Vassar L. Allen and W. B. Harrison, both of Birmingham, for appellant.

There is a broad distinction between a sale (the complaint avers that the plaintiff sold, and the defendant bought), which transfers the ownership, and a mere agreement to sell and deliver at a day certain. Rolfe v. Huntsville Lbr. Co., 8 Ala. App. 487, 62 South. 537; Jackson Lbr. Co. v. Trammell, 199 Ala. 536, 74 South. 469; McCrae v. Young, 43 Ala. 622. The plaintiff was not entitled to recover for a breach of the contract, without showing performance of his undertaking by loading the lumber. Aarnes v. Windham, 137 Ala. 513, 34 South. 816; Elliott v. Howison, 146 Ala. 568, 40 South. 1018; 35 Cyc. 171, 205; Veitch v. Atkins, 5 Ala. App. 444, 59 South. 746; Home Guano Co. v. Int. Co., 204 Ala. 274, 85 South. 713; Camody v. White, 206 Ala. 126, 89 South. 283. A person cannot, without producing the paper, testify that it was of a certain character. Steed v. Knowles, 97 Ala. 573, 12 South. 75; Mooney v. Hough, 84 Ala. 80, 4 South. 19. An expert witness may testify as to the causation of certain results. 22 C. J. 538, 561; Sloss Co. v. Thomas, 202 Ala. 231, 80 South. 69; Comm. Co. v. Reilly, 208 Ala. 313, 94 South. 294; 2 Jones on Ev. § 380; L. & N. v. Sandlin, 125 Ala. 585, 28 South. 40; L. & N. v. Mothershed, 97 Ala. 261, 12 South. 714; O'Grady v. Julian, 34 Ala. 88. In mercantile contracts, parties proceed with reference to known usages and customs of the trade. McClure v. Cox, 32 Ala. 617, 70 Am. Dec. 552. When specified grounds of objection to testimony are assigned, all other grounds are waived. A. G. S. v. Bailey, 112 Ala. 167, 20 South. 313; Birmingham F. Co. v. Stocks, 14 Ala. App. 136, 68 South. 568; Simmons v. State, 16 Ala. App. 645, 81 South. 137; Holcombe v. State, 17 Ala. App. 91, 82 South. 630; Wells v. Thompson, 50 Ala. 83.

⊗⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Tillman, Bradley & Baldwin, and John S. Coleman, all of Birmingham, for appellee.

Where a witness has a distinct recollection of the circumstances surrounding the transaction as to which he testifies, written memoranda of the facts made by him at the time of the occurrence should not be admitted. 22 C. J. 895; 1 Greenleaf on Evidence, 572; Jones on Evidence, 1121. The trial court properly submitted the issues of fact to the jury, and did not err in refusal of instructions requested by the defendant. Root v. Johnson, 99 Ala. 90, 10 South. 293; Williston on Sales, 973; 13 C. J. 663; Culver v. Uthe, 133 U. S. 655, 10 Sup. Ct. 415, 33 L. Ed. 776; Walti v. Gaba, 160 Cal. 324, 116 Pac. 963; P., C., C. & St. Ry. Co. v. Knox, 177 Ind. 344, 98 N. E. 295; Russell v. Nicoll, 3 Wend. (N. Y.) 112, 20 Am. Dec. 670. Evidence of custom or usage is inadmissible for the purpose of construing contracts, unless it is affirmatively shown that the parties had express knowledge thereof, or that same was of such wide notoriety that they must have been conclusively presumed to have contracted with references thereto. Byrd v. Beall, 150 Ala. 122, 43 South. 749, 124 Am. St. Rep. 60; Cole Motor Co. v. Tebault, 196 Ala. 382, 72 South. 21. It is not error to sustain objections to a hypothetical question asked an expert witness, where none of the facts under any phase of the testimony are stated in the question, and where the witness has no personal knowledge of the facts in controversy. Jefferson v. Republic I. & S. Co., 208 Ala. 143, 93 South. 890; Lightman Bros. & Goldstein v. Epstein, 164 Ala. 660, 51 South. 164; Ala. Steel & W. Co. v. Thompson, 166 Ala. 460, 52 South. 75; Mitchell Co. v. Grant, 143 Ala. 194, 38 South. 855; Knowlton v. C. of Ga., 192 Ala. 456, 68 South. 281; Wilson Bros. v. Mobile & O. R. Co., 207 Ala. 171, 92 South. 246; Brown v. Mobile Elec. Co., 207 Ala. 61, 91 South. 802.

THOMAS, J. The suit is assumpsit for damages for breach of contract by defendant in failing and refusing to receive certain poplar lumber that defendant had bought from plaintiff.

Defendant pleaded the general issue and special pleas, averring that the lumber tendered was not according to specifications; that defendant was forced to buy other lumber of the kind specified at an enhanced price, which was offered as a set-off to plaintiff's demand.

[1, 2] There was no error in permitting the witness R. D. Stewart to state, as his "best recollection," that the lumber graded "about 35 per cent. 1 common and better; I believe I would think 40 per cent. 1 common and better; I would reduce that some—30 to 35 per cent. 1 common and better; and there was something like the same amount of No. 2 B common and 2 A common; the balance was No. 2 and No. 3 common." The witness was shown to have had a distinct recollection of his inspection of the lumber and the percentages of the several grades thereof. 1 Greenl. (15th Ed.) § 437, p. 572; 22 C. J. p. 895; 5 Jones on Evidence, § 876, p. 310. When this is the fact, it is not the memorandum that speaks, but "the recollection of the witness." Acklen's Ex'r v. Hickman, 63 Ala. 494, 35 Am. Rep. 54; Floyd v. Pugh, 201 Ala. 29, 77 South. 323. Where the witness testifies that he made a written memorandum of the facts at the time of the occurrence, and knew that it was correct when made, when he does not remember the facts he may read the memorandum as a part of his evidence. Floyd v. Pugh, 201 Ala. 29, 77 South. 323; Warten v. Black, 195 Ala. 93, 70 South. 758; L. & N. R. Co. v. Moorer, 195 Ala. 344, 70 South. 277. It is otherwise if he remembers the facts contained in the memorandum at the time he testifies. Mims v. Sturdevant, 36 Ala. 636.

[3, 4] The witness R. D. Stewart, having qualified as an expert inspector, and having testified how plaintiff's lumber was stacked, and the method of stacking such lumber as observed by other manufacturers and dealers therein, a jury question was presented as to whether plaintiff had employed the proper method of stacking the lumber, made the subject of the suit, as per contract provisions "to be on sticks for 30 days." The witness had said on cross-examination that "when we receive an order like that we always load" by the rules of the National Hardwood Association. There was reversible error in declining to permit the witness to answer, as an expert, the general question: "Was this lumber you inspected for the Stone Company on the yards and in separate stacks in accordance with the practice observed by hardwood manufacturers and dealers?" Alabama, etc., Co. v. Pitts, Adm'r, 98 Ala. 285, 13 South. 135; Cohn, etc., Co. v. Robbins, 159 Ala. 289, 48 South. 853; Standard, etc., Co. v. Dearman, 204 Ala. 553, 555, 86 South. 537. This was a matter of expert, and not of common, knowledge. Sloss-Sheffield S. & I. Co. v. Reid, 184 Ala. 647, 64 South. 334; 22 C. J. p. 656, §§ 755, 756, 757.

[5] Assignments of error challenge the refusal of the court to exclude the answers (in his deposition) of the witness Wynn as to his transactions with Cherry as agent of defendant. Third persons may testify of the fact of agency—and Cherry himself testified to the same transactions detailed by the witness Wynn. Roberts & Sons v. Williams, 198 Ala. 290, 73 South. 502. One of the defendant partners testified that he sent Cherry to plaintiff's to receive and ship the lumber, and that it was refused "on the report from" such agent. There was no error in the admission of the deposition of Wynn containing the foregoing statements of the fact of agency

and of tender and refusal of acceptance of the lumber per terms of the contract.

[6] The refusal to accept other lumber from plaintiff was during the month of September, 1920. And the witness Wynn testified there was available stock and lumber on the yards to have completed the contract had it not been refused by defendant or its accredited agent. Defendant introduced as a witness that agent, who, without objection, was permitted to testify of the approved way of stacking such lumber in the yards of millmen and dealers; the failure of compliance with the contract specifications as to stacking and drying; the effect of properly restacking the same. There was no error in sustaining objection to the question:

"Had that lumber been left in the condition in (which) you found it, in what condition would it likely (have) been in by February or March as to being sound or rotten?"

Plaintiff objected to the question as being illegal, irrelevant, incompetent, and immaterial, and the objection was sustained. Counsel for defendant then stated to the court: "Trying to show the condition was improved by being taken down," to which the court replied: "He has stated that. What it would be in February has nothing to do with it." Defendant's counsel further stated:

"I want to show it would probably have been rotted by February if it hadn't been taken care of. We offer to show that by this witness, and your honor sustains the objection?"

The court replied, "Yes, sir," and to this ruling of the court the defendant duly reserved an exception. Manifestly the condition of the lumber at the subsequent period sought to be inquired about was immaterial.

[7] If any of the lumber had been reduced from any cause from a higher grade to a lower grade within the classes sold and within the specifications of the contract, it should have been accepted. There was no error in sustaining objection to defendant's question: "At that time, Mr. Cleaney, that is, about September, 1920, what would have been the reduction in value, and what is your best recollection of the first and better, if reduced by stain to No. 2?" The grade sold was "No. 3 common and better"; the price of the grade inquired about was fixed by contract at $55 per thousand.

[8] The question to the witness Johnson, an expert, "Now, if No. 3 common and better poplar is bought, and the contract, Mr. Johnson, specifies that it shall be put on sticks, state whether or not in the lumber trade it is to be considered that lumber, stacked as I have described to you, had been put on sticks?" does not invade the province of the jury. The defendant had been permitted to show by experts what "putting on sticks" meant in the lumber trade, to show the proper manner of stacking the lumber in question,

as a basis for the inference to be drawn by the jury as to whether or not the lumber referred to "was on sticks." Standard, etc., Co. v. Dearman, 204 Ala. 553, 86 South. 537. The bill of exceptions recites of this ruling:

"Plaintiff objected to the question. The court sustained the objection. Defendant's counsel inquired of the court: 'I would like to know on what ground, your honor?' Plaintiff's counsel interjected, 'On the ground it invades the province of the jury.' The court stated, 'On the ground, Mr. Allen, I have allowed you to prove by these experts what putting on sticks means in the lumber trade. You have also proved how this particular lumber was stacked, the actual stacking of the lumber; as to whether it was on sticks as set out in that contract is a matter for the jury to say. That is set up in one of your pleas as to how it was required. I sustained the objection.' To which ruling of the court the defendant then and there duly and legally excepted. The court further stated to defendant's counsel: 'He can tell how that ought to be stacked according to the rules of the lumber trade in this territory.'" 22 C. J. pp. 656–659, §§ 756, 757.

Since the case is to be retried, we should say that the questions to Mr. Eddy made the basis of the fifteenth and sixteenth assignments of error should have been answered by him as an expert, on proper predicate. B. & A. Ry. Co. v. Campbell, 203 Ala. 296, 82 South. 546.

[9-11] It was not competent to show what price Mr. Oden paid for lumber to replace that not manufactured and delivered per terms of the contract. The price he may have paid for poplar lumber for special reasons—without regard to the market price at the place of delivery—did not measure the damage for failure to manufacture and deliver the lumber according to the terms of the contract. Gwin v. Hopkinsville Mill. Co., 190 Ala. 346, 67 South. 382; Crandall-Pettee Co. v. Jebeles & Colias Conf. Co., 195 Ala. 152, 69 South. 964. On the other hand, under the evidence the jury could take into consideration the market price, what it would cost to load on cars at the mill, and what the plaintiff realized on a resale and shipment of the rejected lumber at the same place and market, in ascertaining whether plaintiff was damaged, and, if so, in fixing that damage. It was the duty of plaintiff to diminish the damages if it could reasonably do so. Cato v. Williamson, 209 Ala. 477, 96 South. 321; H. Curjel & Co. v. Hallett Mfg. Co., 198 Ala. 609, 621, 622, 73 South. 938. The buyer had the duty of showing the cost of loading where there was rejection and no necessity for loading. However, the court stated to defendant's counsel that he might "prove * * * any No. 3 or better that he had to go into the market and buy to make up this contract for the breach of the other." The witness (J. W. Oden) was then permitted to make such proof by offering in evidence the

written order fully setting out the terms of purchase of the other lumber at Mobile.

The witness H. Z. Stewart, having testified for plaintiff, on rebuttal, of the conduct of the lumber business in Mobile, and having purchased from defendant lumber of the kind covered by the contract declared upon, its condition, and the manner in which it was stacked, of the acceptance of such part of the lumber delivered under contract, of the rejection of other lumber tendered, and of the purchase price or its market value during September, 1920, was not permitted to be asked:

"Does that suggest anything to you by way of [re]freshing your memory as to the market prices in Mobile in 1920 in October of these grades set out here?"

The inquiry was immaterial. However, the witness was permitted to answer:

"I could not give you the prices of some of these upper grades in October, 1920, 2 A and better."

We find error in the rulings on the exclusion of evidence, and it is unnecessary to prolong this opinion by a further detailed discussion thereof.

[12] Agreement of counsel on file renders it unnecessary to discuss the refusal of general affirmative charges requested by defendant on grounds of variance as to members composing the partnership of Daniel-Gaddis Lumber Company, the plaintiff. It is however, argued by appellant that defendant should have been given the affirmative charge because the plaintiff did not load the lumber on cars in making tender or in compliance with the provisions of the contract—the lumber being sold f. o. b. cars at the mill. After a repudiation of the contract by defendant's refusal to accept a further proffered delivery of the lumber, plaintiff was relieved of the duty to make further tender, or to do any other act looking to a delivery of other lumber f. o. b. cars at the mill. The evidence for plaintiff showed readiness, ability, and willingness to so load, and that it was prevented by defendant's refusal. That was sufficient. Home Guano Co. v. Inter. Agr. Corp., 204 Ala. 274, 279, 85 South. 713; Rosengrant v. Finklea, 208 Ala. 401, 94 South. 543; Tennessee River Nav. Co. v. Walls, 209 Ala. 320, 96 South. 266; Root v. Johnson, 99 Ala. 90, 10 South. 293; Henry v. Allen, 93 Ala. 197, 9 South. 579; Johnson v. Smith, 190 Ala. 521, 67 South. 401; Saunders v. McDonough, 191 Ala. 119, 67 South. 591; Smith v. Thomas, 201 Ala. 442, 78 South. 820; Hamilton v. Terry Furn. & Loan Co., 206 Ala. 622, 91 South. 489; McKleroy v. Tulane, 34 Ala. 78; Williston on Sales, § 586, p. 972; 13 C. J. § 747, p. 662.

[13, 14] Appellant takes nothing by the argument that the averment of the complaint was that defendant "bought" the certain lumber described, and the proof failed to show "an actual change of title," but (merely) the breach of an executory contract to receive the lumber. The word "sale" as here used did not import that the actual change of title or possession of the lumber had been accomplished. Culver v. Uthe, 133 U. S. 655, 10 Sup. Ct. 415, 33 L. Ed. 776. In such pleading as to such a contract, the word "sold" means "contracted to be sold." Russell v. Nicoll, 3 Wend. (N. Y.) 112, 20 Am. Dec. 670; Boyd v. Siffkin, 2 Camp. 326. However this may be as to the pleading, the defendant failed to indicate to the court that on such ground—a variance—the affirmative charge was requested. Rule 34, 175 Ala. 21. The rule was to meet such a case.

Refused charge 3 was fully covered in given charge 8 and the oral charge. Moreover, the contract only required "that this stock (lumber) is to be on sticks for 30 days"; whereas the charge would require that stacking should have been thereon for a longer period, if the lumber had been cut for a longer time.

[15] Charge 5, refused to defendant, is erroneous in failing to hypothesize the fact that it was necessary that the upper grades be reduced below No. 3 as not to be available for tender under the contract, and in order that the jury might find for plaintiff. The terms of the contract as to this were: "200,000 ft. No. 3 Com. & Better Poplar $55.00," which the evidence shows mean "No. 3 common and better." Under such contract, the higher grades could have been reduced in grade, and yet have been within such contract specifications. The court in the oral charge stated to the jury the contradictory insistences of the respective parties as to the meaning of the contract words "No. 3 common and better." Defendant's contention is that under the evidence and inferences therefrom the meaning of the above words was "the whole run of the log" as it cut No. 3 common and better; and plaintiff's insistence is that it was optional with plaintiff to fill the order with "No. 3 common poplar and such higher grade thereof" as it might have or desire, without regard to the fact that the entire cutting of the log was tendered. In view of such different constructions of the contract under the evidence refused, charge 5 was not only misleading but was erroneous. The fact that there may be contradictions in the evidence of any witness or witnesses will not authorize the giving of affirmative instruction on such contradicted issue. Jones v. Bell, 201 Ala. 336, 77 South. 998. When general affirmative instructions are requested on material issues of fact, the reasonable inferences that may be drawn by the jury are to be taken as true against the party requesting such instructions. McMillan v. Aiken, 205 Ala. 35, 88 South. 135. And, when the evidence is so considered, the refusal of charge 5 is justified.

The statement in the oral charge: " * * * No. 3 common and better poplar. That term is set out in the contract. One side contends it to mean one thing, and one side contends it to mean another"—when applied to the evidence, presented no reversible error. White v. State, 209 Ala. 546, 550, 96 South. 709, 713.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

On Rehearing.

THOMAS, J. [16] The question propounded to the witness Johnson may have been open to the objection that no sufficient predicate had been laid; and this would be dependent upon the facts that counsel propounding the question to the witness as an expert had "described to" the witness how that lumber was stacked, or that he had personal knowledge of the facts, or that said witness, an expert, had been present in court and heard the description of such stacking embraced in predicate to another expert, testifying as a witness, to which the attention of said witness (Johnson) was called. We made a part of the original opinion the limited objection to the instant question without other comment. It should have been said that, when specific ground of objection to testimony is interposed and assigned, all other grounds of objection are waived. And the ground there specified not being tenable, the former ruling is justified under the authority of A. G. S. R. Co. v. Bailey, 112 Ala. 167, 20 South. 313; Coghill v. Kennedy, 119 Ala. 641, 24 South. 459; Reid v. State, 168 Ala. 118, 53 South. 254; Sharp v. Hall, 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28; B. R. L. & P. Co. v. Saxon, 179 Ala. 136, 157, 158, 59 South. 584; Birmingham Fuel Co. v. Stocks, 14 Ala. App. 136, 68 South. 568; Simmons v. State, 16 Ala. App. 645, 81 South. 137; Holcombe v. State, 17 Ala. App. 91, 82 South. 630. The reason for this rule found early statement by Mr. Chief Justice Walker, as follows:

"Two specific objections were made to the plaintiff's testimony in the court below, one of which implied an admission that the administration was upon the estate of the junior Moseley; and the bill of exceptions states that the court sustained the objections and excluded the evidence. The objection to the evidence stated in the second point of the petition for a rehearing was not one of the objections made in the court below, but is now brought forward for the first time. If that objection had not been excluded from the attention of the plaintiff's counsel, and of the court, by the other specific objections which were made, it might have been obviated. The court erred in sustaining the specific objections which were made; and we cannot affirm that it was error without injury, because there was another objection which might have been made, and which, if made, might have been obviated. It is our duty, therefore, to reverse, notwithstanding there may have been another objection, which might have been fatal to the admissibility of the evidence, but which was of such a nature that, if it had been made in the court below, it was capable of being obviated." Moseley's Adm'r v. Mastin, 37 Ala. 216, 221.

There is analogy to be found in Wells v. Thompson, 50 Ala. 83; Southern Ry. Co. v. Gullatt, 158 Ala. 502, 507, fourth headnote, 48 South. 472.

We have again examined the question sought to be propounded to the other witness, and are of opinion that there was error in declining to permit the same to be answered. The previous statement of that witness that the practice at "other mills or other lumber dealers (italics supplied) was to stack lumber like it was stacked at that place," and that "all the lumber I saw there then was stacked like they stack all of it down there," was not the equivalent of the statement that the specific lumber inspected by the witness on yards was in "separate stacks in accordance with the practice observed by hardwood manufacturers and dealers." (Italics supplied.) The question sought to be propounded was a proper examination of the witness that should have been permitted.

The application for rehearing is overruled. Overruled.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.