Bell v. Rhea, Conner & Co.

## BELL v. RHEA, CONNER & Co.

1. John S. Rhea, James Conner and James W. Rhea, describing themselves as partners composing the firm of Rhea, Conner & Co., declared against the defendant-below, on a promissory note, payable to the firm. On the plea of *non assumpsit*, it was holden that although the note was not *sufficient* evidence in itself, that the plaintiffs were the members of the firm designated upon its face, yet it was admissible to show a promise to pay money, and the plaintiffs might adduce extrinsic evidence that they were the promisees.

2. The distinction between the admissibility and the sufficiency, of evidence is well defined. Evidence may be admissible though insufficient; and in such case, the party against whom it is offered, may protect himself by calling upon the Court to instruct the jury.

3. And although the bill of exceptions describe the evidence excepted to, as the *only* evidence offered, if admissible in itself, it will be so still, without regard to its sufficiency.

John S. Rhea, James Conner and James W. Rhea, merchants and copartners heretofore trading under the style of Rhea, Conner & Co. declared in *assumpsit* in the Circuit Court of Cherokee, against the plaintiffs in error, on a promissory note. A demurrer being filed to the declaration it was overruled, and thereupon, the defendant below pleaded *non assumpsit*, and the parties went to trial. A bill of exceptions was sealed by the presiding Judge, at the instance of the plaintiff in error, from which it appears that "the plaintiffs (below) offered as the only evidence in support of their action, an instrument of writing, in words and figures as follows:

"$1774 22-100ths. Tuscumbia, April 22d, 1837. Twelve months after date, I promise to pay to Rhea, Conner & Co. seventeen hundred and seventy-four dollars and twenty-eight cents, negotiable and payable at the Branch of the Bank of the State of Alabama at Decatur, without defalcation, for value rec'd.

ROBERT BELL, by his agent, C. W. NELSON."

To the introduction of this note thus offered, the defendant by attorney objected, which objection the Court overruled, and permitted the same to be read to the jury; to which opinion of the Court in overruling the objection and permitting the note to be read to the jury, the defendant (below) by attorney excepts, &c.

A verdict having been returned and a judgment rendered against the defendant below, he has prosecuted a writ of error to this Court, and here insists that the Circuit Court erred, as stated in the bill of exceptions.

PECK, for the plaintiff.

J. L. MARTIN, for the defendant.

COLLIER, C. J.—It is clear that the note read to the jury was not *sufficient* evidence to have entitled the defendants in error to a verdict. It was incumbent on them to have shown that they were partners at the time the note was made, composing the firm of Rhea, Conner & Co. This point came directly before this Court, in Hunley v. Willis, Lang & Co. (5 Porter's Rep. 155.) In that case the action was *assumpsit* on promissory notes; and among other issues there was one upon the plea of *non assumpsit*. The notes were read to the jury without objection, and the question as to the sufficiency of the evidence, arose upon a motion to the Court to instruct the jury that the parties, describing themselves as the firm of Willis, Lang & Co., should have proved that they were partners, as alleged in their declaration: The Court below refused the instruction asked; but this Court reversed its judgment.

In the case at bar, the question is not as to the *sufficiency*, but as to the *admissibility* of the evidence. No instruction was asked of the Court: it was merely required to exclude from the jury the note declared on. The note was correctly described in the declaration; and clearly tended to prove a very material part of the case of the plaintiff below: it was the first and an indispensible link in the chain of evidence which was to establish his case; and being excluded, no matter how just his demand, he could not have recovered.

Bell v. Rhea, Conner & Co.

There must be order observed in the admission of evidence. A party cannot be required to adduce all at once, where it consists of different parts: such a requisition if it were always practicable, would often occasion the greatest confusion. Hence the true rule seems to be, that where the evidence is unobjectionable in itself, and tends to prove a material fact in issue, it should be allowed to go to the jury, who are the proper judges of the effect to be given to it. No inconvenience can result from this rule in practice, since the Court can always instruct the jury as to the sufficiency of evidence. (McKenzie v. McRae, Adm.: 8 Porter's Rep. 70.)

It was argued for the plaintiff in error, that as it appears from the bill of exceptions, the note was the only evidence offered, it may be inferred that the jury were induced by the Court to believe that it was sufficient to entitle the defendants in error to recover. We think it very satisfactorily appears that the Court merely allowed the note to go to the jury as evidence. If the Court however, went farther, and informed the jury that they were authorized to give to it an effect, which it could not justly claim, the bill of exceptions should have so informed us. And in the absence of any thing of the kind shown by the record, we must intend that the bill of exceptions brings to our view, every thing objectionable in the proceedings of the Circuit Court.

There is no error in the matter presented: and the judgment is consequently affirmed.