## CUTHBERT v. NEWELL.

1. Evidence which is relevant to the issue, cannot be rejected by the Court, because, unless assisted by other proof, it will not establish the point in dispute. If *prima facie* irrelevant, it may be rejected by the Court, unless the party offering it states its connection with other facts showing its relevancy.
2. Evidence, that eighteen months before the suit, the plaintiff received from the defendant, accounts, and claims, to a much larger amount than the note sued on, for the purpose of collecting them, and paying the debt, relevant, because it was the initiatory step towards proving a payment.

Error to the Circuit Court of Mobile.

Assumpsit by the defendant in error, on a promissory note of the plaintiff in error, for $586, and judgment.

On the trial, the defendant offered in evidence the deposition of John L. Thomas, by which it appeared that about eighteen months, or two years, ago, the plaintiff received accounts and claims due the defendant, for the purpose of collecting, and paying himself, to the amount of about fifteen hundred dollars, but the witness did not know what the agreement of the parties was, in relation to the accounts and claims so received. The

Court excluded the testimony, on the ground that it constituted no defence against the claim of the plaintiff, to which the defendant excepted, and which he now assigns for error.

STEWART, for plaintiff in error.

DARGAN, contra, insisted that the evidence, without further proof, constituted no defence, and that no further proof being shown, or offered, the Court correctly excluded it. [8 Porter, 176; 15 Wendell, 155.]

ORMOND, J.—The question presented for revision, upon this record, has been so often before this Court, and the rule which governs it so frequently expounded, that it is matter of surprise it should be misunderstood.

If evidence be relevant to the issue, it cannot be rejected by the Court, because, unless assisted by other testimony, it will not establish the point in issue. If *prima facie* irrelevant, it may be rejected by the Court, unless the party offering it, states its connection with the other facts, in order that its relevancy may be seen by the Court. This is the result of all the cases. See Innerarity v. Byrne, 8 Porter, 176; Bell & Rhea v. Conner & Co. 1 Ala. Rep. 83; Mardis' Adm'r v. Shackleford, 4 Ala. Rep. 494; and Crenshaw v. Davenport and wife, 6 Id. 390; to which many more might be added.

To ascertain the propriety of its rejection, we must look at the issue between the parties and the testimony offered. The action was assumpsit on a promissory note; what the issue was does not appear, but we may intend that it was the general issue, as it appears from the record that there was an issue. The testimony offered, was, that some eighteen months before that time, the plaintiff received from the defendant, accounts and claims to a much larger amount than the note, for the purpose of collecting them, and paying the debt. Now, this was certainly the first step towards proving a payment of the note. Unaided by other proof, it would be no defence to the note, as the accounts appear to have been received as collateral security merely; but the defendant may have had it in his power to prove other facts, from which the jury might have inferred a collection of the money, sufficient to discharge the whole or a part of the note. From this it appears, that the testimony was

*prima facie* relevant to the issue, and should not have been rejected.

We have been referred to the case of Taggard v. Curtenius & Jones, 15 Wendell, 155, as an authority, that the proof offered was irrelevant. In that case, the defendant to a suit against him, on a promissory note, pleaded, that the plaintiff had received some bridge stock as collateral security, and that by his negligence in omitting to dispose of it, until the bridge was destroyed, it had become of little or no value. The Court held it to be no defence—that one right of action, could not be set up in bar of another right of action. It is obvious that this case has no application to the one at bar. Here there was no attempt, so far as we can judge from the record, to rely as a defence upon the negligence of the plaintiff in not collecting the accounts. The proof offered, was the initiatory step, towards proving payment; and, being legitimate for that purpose, although insufficient, without further proof, the Court could not reject it.

Let the judgment be reversed and the cause remanded.