(106 So. 599)

**LEAHY v. STATE.  (I Div. 387.)**

(Supreme Court of Alabama.  Dec. 17, 1925.)

**1. Appeal and error ⚖️1078(1)—Supreme Court will not consider errors assigned but not argued in brief.**

Errors assigned in civil cases, but not argued in brief by appellant, will be deemed waived, and will not be considered by Supreme Court.

**2. Eminent domain ⚖️203(5)—Evidence of amount received by neighboring owners of property purchased for same purpose inadmissible.**

In condemnation proceeding under Const. 1901, § 93, as amended (see Code 1923, p. 434), and Code 1923, §§ 2526–2565, held that evidence as to amount received by neighboring owners of property purchased for same purpose was inadmissible on issue of damages under Const. 1901, § 23; the sales having been made to avoid condemnation proceedings.

**3. Eminent domain ⚖️203(5)—Comparison of property to be condemned with other property some distance therefrom held incompetent.**

In condemnation proceeding, evidence of desirability for mill site of property situated some distance from particular property, and their comparative desirability, held incompetent as shedding no light on particular property, in view of Code 1923, § 7656, declaring evidence as to market value opinion evidence.

**4. Eminent domain ⚖️222(4)—Charge that owner could get more than fair rental for property on which there was established business held invasion of province of jury.**

In condemnation proceeding, charge that jury should consider fact that owner could get more than fair rental for property on which there was established business held to invade province of jury.

**5. Trial ⚖️138, 139(1)—Admissibility of evidence rests on court, but credibility and weight is for jury.**

Admissibility of evidence rests on court, but its credibility and weight to be given it rests on jury.

Appeal from Circuit Court, Mobile County; C. A. Grayson, Judge.

Condemnation proceeding by the State of Alabama, through the State Docks Commission, against Richard P. Leahy. From the judgment, defendant appeals. Reversed and remanded.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellant.

Evidence of the price obtained on a sale and purchase of similar property is not admissible for the purpose of establishing the fair market value of a particular property. Ala. Power Co. v. Sides, 212 Ala. 687, 103 So. 859; 2 Nichols, Em. Dom. (2d Ed.) § 455; Matter of Thompson, 127 N. Y. 463, 28 N. E. 389, 14 L. R. A. 52; Pittsburgh, etc., R. Co. v. Patterson, 107 Pa. 461; Watkins v. Wabash R. Co., 137 Iowa, 441, 113 N. W. 924; K. C. R. Co. v. Weidemann, 77 Kan. 300, 94 P. 146; Stinson v. Railroad Co., 27 Minn. 284, 6 N. W. 784; 2 Lewis, Em. Dom. § 662, note 37. Charge 1, given for plaintiff, does not state the law.

Thos. C. McClellan, of Birmingham, for the State.

Where the value of real estate is material to the issue on trial, testimony of consummated sales of similar property, in the neighborhood, upon occasions reasonably related to the time the value in issue is to be ascertained, is admissible. T. C. I. Co. v. State, 141 Ala. 103, 37 So. 433; State v. Brintle, 207 Ala. 500, 93 So. 429. The questions whether previous sales offered to be proven were of similar land to that under inquiry, was in the same general neighborhood, and whether the dates of such sales were reasonably related to the time the land under inquiry is to be ascertained, are to be determined by the trial court in the exercise of its sound discretion. 2 Nichols, Em. Dom. (2d Ed.) 1202; 2 Lewis, Em. Dom. (3d Ed.) 1139; Johnson v. Lowell, 240 Mass. 546, 134 N. E. 627; Manda v. D., L. & W., 89 N. J. Law, 327, 98 A. 467; Wassenich v. Denver, 67 Colo. 456, 186 P. 533; Aledo Term. Ry. v. Butler, 246 Ill. 409, 92 N. E. 909;

B. R., L. & P. Co. v. Wise, 149 Ala. 492, 42 So. 821; Carter v. State, 205 Ala. 460, 88 So. 571; Stewart v. Sloss Co., 170 Ala. 544, 54 So. 48, Ann. Cas. 1912D, 815; Griffin v. Working Woman's Assn., 151 Ala. 597, 44 So. 605; Brown v. Mobile Elec. Co., 207 Ala. 61, 91 So. 802; Lewis v. Martin, 210 Ala. 401, 98 So. 635. Ala. Power Co. v. Sides, 212 Ala. 687, 103 So. 859, should be modified. Curley v. Mayor, etc., 83 N. J. Law, 760, 85 A. 197, 43 L. R. A. (N. S.) 985. Charge 1, given for plaintiff, was abstract; and the giving of an abstract charge will not work a reversal, unless injury is sustained. C. of G. v. Hyatt, 151 Ala. 355, 43 So. 867.

MILLER, J. This is a proceeding commenced by the application of the state of Alabama, acting through its agency, the state docks commission, against Richard P. Leahy, in the probate court of Mobile county, to condemn for the state a parcel of land, containing about 4.61 acres, the property of the defendant, for use in the authorized harbor development at Mobile. Section 93, Const. 1901, as amended (see Code 1923, p. 434), and article 4, c. 44, Code 1923.

The defendant recognized and admitted in his answer the right of the state to condemn this property for the use mentioned in the application, and that an actual necessity existed for the state to own it. Sections 2543 and 2546, Code 1923. So the only litigated question or issue between the parties was the amount of damages, the just compensation for the property to be made to the owner, the defendant, by the state. Section 23, Const. of 1901.

The commissioners appointed by the probate court fixed the compensation to be paid defendant by the state for the property at $24,500, which was duly reported by them in writing to the court; and the court ordered the report recorded, and made an order of condemnation of the property upon the payment of the damages and compensation so assessed and reported or the deposit of same in court. Section 7491, Code 1923. The state appealed from this decree to the circuit court, and the cause was tried de novo by the circuit court with a jury. Section 7492, Code 1923. The jury, by verdict in the circuit court, fixed the damages and compensation at $11,000, and, from a judgment by the court of condemnation of the property, upon the payment by the state of $11,000, as damages and compensation, so fixed by the jury, and the cost of the cause, this appeal is prosecuted to this court by the defendant.

[1] There are 157 errors assigned, growing out of rulings of the court on admission of evidence and written charges given at request of the state, but some of them are not argued in brief of appellant. Errors assigned in civil cases, but not argued in brief by appellant, will be deemed waived, and will not be considered by this court. Henry v. Hall, 106 Ala. 84, headnote 10, 17 So. 187, 54 Am. St. Rep. 22; Provident Life & Acct. Ins. v. Priest, 212 Ala. 576, headnote 1, 103 So. 678.

The state planned and determined to secure the land near the city of Mobile, located and lying between the Mobile river, Three Mile creek, and the line of the Southern Railway, as shown by a map introduced in evidence, for the authorized harbor development. This location and the plan as laid out and adopted by the state docks commission had been approved by the government. The land within the above boundaries was owned by various parties. The land involved in this cause is located therein. The owners of this property knew it could and would be condemned for the purposes mentioned by the state, if they did not agree on a price and sell it to the state. With this knowledge many of the owners agreed on the price and conveyed for cash consideration their respective properties within the area mentioned to the state.

[2] The court, over timely objection and exceptions of the defendant, permitted the state to prove the name of each of these vendors, the number of acres each sold and conveyed to the state, and the amount of the cash consideration paid by the state to each for his property. These sales by these different vendors to the state were in the nature of a compromise settlement between the parties. These vendors were facing a suit for condemnation of their property and the ascertainment of the amount of just compensation to be paid them for it through the courts, if they did not agree on compensation and convey their property to the state. When they each agreed on the price for their respective property with the state, and each conveyed it to the state, each knew the state had the right to and would condemn the property and have the amount of damages ascertained through court proceedings, if the price was not agreed to and conveyance of the property made to the state by them. The trial court erred in admitting this testimony, as to these sales to the state, to the jury in this cause. It is clearly incompetent evidence. It violates the sound rule sustained by the weight of authority in 2 Lewis on Eminent Domain, 667, which is quoted with approval by this court in Ala. Power Co. v. Sides, 212 Ala. 687, headnote 1, 103 So. 859; and it may be for other reasons incompetent evidence, but as to this we do not decide. See Tenn. C. I. & R. Co. v. State, 141 Ala. 103, 37 So. 433; State v. Brintle, 207 Ala. 500, 93 So. 429; State v. Donaldson, 209 Ala. 400, headnote 4, 96 So. 617.

[3] One witness testified that—

"The land bordering on both One Mile and Three Mile creeks is available for mill use. Three Mile creek is more desirable from a frontage proposition or as a navigable stream for a mill site than One Mile creek. * * * Three Mile creek varies in width; it is wider and deeper than One Mile creek."

The defendant objected to the questions calling for the foregoing answers, and moved to exclude the answers. The objections and the motions were overruled by the court, and exceptions were duly reserved by the defendant. It appears from the evidence that this Leahy property fronts on One Mile creek, and is on "the edge of the city of Mobile," and "Three Mile creek is about three miles out," and "there is a vast intervening space between the city and Three Mile creek property." The width and depth of Three Mile creek, and the desirability of frontage for mills thereon, as shown herein, would shed no light on the cash market value of this Leahy property fronting on One Mile creek. It was competent and relevant to prove the width, depth, and desirability for frontage for mill sites or other purposes of this One Mile creek, where the Leahy property is situated, but a comparison between the two creeks in that respect was irrelevant. State v. Donaldson, 209 Ala. 400, headnote 4, 96 So. 617, and authorities supra.

A part of the foregoing testimony, that "the land bordering on * * One Mile creek is available for mill use," is competent, but it is joined in that respect with Three Mile creek, which is irrelevant. The objection and the motion to exclude, made by defendant, applied to Three Mile creek, the irrelevant evidence. The trial court should have sustained· the objection and granted the motion as to this evidence relating to Three Mile creek. The objection and the motion pointed out and separated the good from the bad evidence, and the court erred in overruling the objection and in refusing the motion as to that part of the evidence. Corona Coal Co. v. Thomas, 212 Ala. 56, headnote 1, 101 So. 673. It should be remembered that we have a statute which expressly states direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion. Section 7656, Code 1923, and authorities there cited.

The court, at the request of the state, gave the following written charge numbered 1 to the jury:

"If you believe all of the evidence, you must, in ascertaining the value of the land involved, consider the fact that an owner can get more than a fair rental for property on which the tenant has an established business and fixed improvements."

[4, 5] This charge should not have been given by the court. If not otherwise faulty, it clearly invades the province of the jury; it states a fact to the jury "that an owner can get more than a fair rental for property on which the tenant has an established business and fixed improvements." It is apparent this cannot be declared as a fact as a matter of law. Whether the owner can get more or less than a fair rental from a tenant under such conditions depends on the facts and circumstances of each particular case, and the facts and circumstances will vary in different cases presented. Corona Coal Co. v. Thomas, 212 Ala. 56, headnote 10, 101 So. 673; Eggleston v. Wilson, 211 Ala. 140, headnote 3, 100 So. 89. The admissibility of evidence rests on the court, but its credibility and the weight to be given it rests on the jury and not on the court. Bell v. Rhea, 1 Ala. 83, headnote 2; King v. King, 28 Ala. 315.

For the errors mentioned, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.