(110 So. 607)

## ODEN–ELLIOTT LUMBER CO. v. DANIEL–GADDIS LUMBER CO. (6 Div. 516.)

(Supreme Court of Alabama. Nov. 26, 1926. Rehearing Denied Jan. 6, 1927.)

**1. Sales ☞382—In seller's action permitting testimony that witness paid more than market price held not error.**

In seller's action, permitting witness to testify that he "paid more than the market price" *held* not error.

**2. Evidence ☞527—Expert could give opinion as to stain on lumber being caused by lumber not being taken down and dead piled.**

As shedding light on cause and probable time of occurrence of stain on lumber, which had been on yard piled for several months, expert could give opinion whether stain was caused by reason of the lumber not being taken down and dead piled.

**3. Sales ☞382—Defendants, sued for refusing to take lumber, could not show that their customers were insisting on receiving lumber.**

Evidence as to whether customers of defendants were insisting on delivery of lumber *held* inadmissible, in action for refusal to receive lumber, being res inter alios acta as to plaintiffs and shedding no light on the defense that the lumber tendered defendants was not in accordance with contract.

**4. New trial ☞78(1)—Where evidence was conflicting and two juries had found the same way, refusal of new trial on weight of evidence was not error.**

Refusal of new trial on the ground of the verdict being against the great weight of evidence was not error, where the evidence on all material issues was in direct conflict and two juries had returned verdict for plaintiffs.

**5. Appeal and error ☞1078(1)—Assignment not insisted on in brief is waived.**

Where appellant, in brief, does not insist on assignment of error, it is waived.

**6. Trial ☞260(1)—Refusal of charge, fairly and substantially covered by others given, is not ground for reversal (Code 1923, § 9509).**

Refusal of charge was, under Code 1923, § 9509, not ground for reversal, the principle of law attempted to be stated thereby being fairly and substantially covered by general oral charge and other charges requested by same party and given.

**7. Sales ☞388—Trial ☞253(10)—Requested instruction as to lumber buyer's right to refuse to receive it held misleading and to ignore evidence tending to show it was within contract.**

Instruction, in action for refusal to accept lumber under contract for No. 3 common and better, as to right to refuse lumber injured by method of stacking, *held* properly refused as misleading and ignoring evidence tending to show lumber, though ·stained, was still within contract.

**8. Appeal and error ☞1068(5)—Refusal of instruction as to defendant's measure of damages was harmless, where verdict was for plaintiff (Code 1923, § 9509; Supreme Court rule 45).**

Where jury found for plaintiff, refusal of charge as to defendant's measure of damages was harmless, and so, under Code 1923, § 9509, and Supreme Court rule 45, not ground for reversal.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by the Daniel-Gaddis Lumber Company against the Oden-Elliott Lumber Company. Judgment for plaintiffs, and defendants appeal. Affirmed.

The contract sued upon is as follows:

"Birmingham, Ala., July 6, 1920, c–m
"Order No. X–114.

"Daniel-Gaddis Lumber Co., Eclectic, Ala.: Please furnish the following lumber and mail to this office, immediately after each shipment, invoice showing number and size of pieces, initial and number of car on which loaded, name of loading station, as well as consignee and place to which shipment is made.

"Attach bill of lading to invoice, and, if possible, have railroad agent insert weight and rate.

"Let bill of lading show Oden-Elliott Lumber Co., Shippers; also route and delivery given below.

"Ship to: ——. At: ——. Route via: ——. Delivery: ——.

"Items and Specifications: 200,000 ft. No. 3 com. and better poplar Price per M: $55.00.

"It is understood with Mr. Wynn that you are to cut this largely 6/4 thickness. It is also understood that this stock is to be on sticks for 30 days.

It is further agreed that the stock should be cut out of good logs and should you attempt to cut this order out of inferior grade of logs, it will be subject to cancellation.

"Price: F. o. b. cars at mill. Terms: Cash, less 2 per cent. Shipments to be made: ——.

"Kindly acknowledge receipt of order.

"Yours truly,    Oden-Elliott Lumber Co.,
                    "Per A. B. Cleaney."

This charge was refused to defendants:

"(7) The court charges you, gentlemen of the jury, that, under the contract sued upon in this case, the defendant was entitled to receive from the plaintiff 200,000 feet of No. 3 common and better in a good marketable condition, and in the proportions of grades that would come from the log cut; and, if you are reasonably satisfied from the evidence that, by reason of plaintiff's method of stacking and handling, the upper grades of lumber were so damaged and injured as to prevent such upper grades from being sold as such upper grades, and causing the same to be lowered in price by reason of degrading on account of such damage and injury, then the defendant was justified in declining to receive such damaged lumber from the plaintiff."

---

Vassar L. Allen, of Birmingham, for appellants.

Counsel discusses the errors assigned, but without citing authorities.

Bradley, Baldwin, All & White and J. S. Coleman, all of Birmingham, for appellees.

The correct measure of damages, where the buyer repudiates his contract, is the difference between the contract price and the prevailing market price of the commodity at the time of breach. Wheeler v. Cleveland, 170 Ala. 426, 54 So. 277; Oden-Elliott L. Co. v. Daniel-Gaddis L. Co., 210 Ala. 582, 98 So. 730. A witness who qualifies as an expert may give his opinion as to the cause of stain. Oden-Elliott v. Daniel-Gaddis, supra. Evidence of acts and transactions between the buyer and third persons was inadmissible. 22 C. J. 741; Andrews v. Tucker, 127 Ala. 603, 29 So. 34. Evidence of custom is admissible to explain an ambiguity in a contract, but whether such custom was in contemplation of the parties is a question for the jury. It is not error to refuse instructions covered by other given instructions. Williston on Sales, 862. If the lumber graded No. 3 common and better, it was defendant's duty to accept same. Oden-Elliott v. Daniel-Gaddis, supra. Where the jury finds against defendant on its plea of set-off, instructions requested by defendant on plea of set-off as to measure of damages are abstract, and refused without error. Fike v. Stratton, 174 Ala. 541, 56 So. 929; Ogburn-Griffin Co. v. Orient Ins. Co., 188 Ala. 218, 66 So. 434.

MILLER, J. This is a suit by the individuals composing the firm of the Daniel-Gaddis Lumber Company against the Oden-Elliott Lumber Company and the individuals composing this partnership, for damages for breach of a contract entered into between them, by which the defendants purchased and the plaintiffs sold 200,000 feet of No. 3 common and better poplar lumber at $55 per thousand feet. The plaintiffs shipped and the defendants received and paid for, under the contract, practically 107,000 feet, and the defendants refused to accept and pay for the balance of the lumber.

The defendants plead in short, by consent, general issue, set-off, and recoupment.

The case was submitted to a jury. They returned a verdict in favor of the plaintiffs, and the defendants prosecute this appeal from a judgment rendered thereon by the court.

This case has been in this court before. A report of it will be found in 210 Ala. 582, 98 So. 732. The contract—order by defendant to plaintiff—for the lumber appears in the report of this case.

There was evidence tending to show, when the defendants declined to receive and pay for the balance of the lumber, that the plaintiffs had, ready to be shipped, about 200,000 feet of poplar lumber, more than enough to comply with the balance of the contract, which was offered to the defendants.

The contention of the plaintiffs was that the words, "200,000 feet No. 3 com. and better poplar, $55.00," appearing in the contract, meant that the contract could be filled by including No. 3 common and as much of the higher grades as the plaintiffs had; and the defendants contended it meant the full product of the log, taking No. 3 common and all the better grades of the lumber. Testimony supporting both interpretations was introduced by the parties.

There was evidence tending to show, when the defendants declined to receive the balance of the lumber, that the lumber on the yard of the plaintiffs would class No. 3 common and better grades, and there was evidence to the contrary.

The defendants contended that this lumber had not been stacked on sticks as specified in the contract, and the plaintiffs contended it was stacked on sticks, in accordance with the contract, and was stacked generally like all of the other hardwood lumber was stacked in that section. There was testimony before the jury supporting the contention of both parties.

The defendants contended the contract was breached by the plaintiffs, to their damage, in that the poplar lumber would not come up to the grade required by the contract, and they had to go out into the open market and buy other lumber at an increased price to fill their contracts with their customers, and were damaged thereby, which they claimed of the plaintiffs. The plaintiffs contended that when the defendants declined to receive the lumber the market for poplar lumber was practically dead; that the plaintiffs tried to sell this lumber and could not do so for several months thereafter, and then succeeded in selling it at $30 per thousand feet. There was evidence tending to sustain each of these contentions of the parties.

[1] The court did not err in permitting the witness Stewart to testify that he "paid more than the market price" for this lumber on the yard of the plaintiffs, with which the plaintiffs had intended to deliver and sell, in part, to the defendants under the contract. This was several months after the defendants declined to receive it. This testimony was made in response to this question:

"Was the price that you paid for this lumber that you got from the Daniel-Gaddis Lumber Company, in the early part of 1921, bought at the market price, or bought above or below the market price prevailing at the time?"

He also stated:

"In my judgment, the market price of lumber bought by us from the Daniel-Gaddis Lumber Company in spring of 1921 was $25."

This court, on former appeal, held this testimony was relevant to be considered by the jury on the subject of damages sustained by the plaintiffs, if the contract was breached by the defendants. See this case, 210 Ala. 582, headnote 10, 98 So. 730; Wheeler v. Cleveland, 170 Ala. 426, headnote 4, 54 So. 277.

[2] The court overruled defendant's objection to this question, asked by the plaintiffs of their witness Stewart:

"In your opinion, was any of the stain on this lumber caused by reason of the fact that the lumber was not taken down and dead piled?"

He answered, "Yes, sir."

There was evidence that this lumber had been on the yard piled for several months before it was sold, after defendants declined to receive it. It was in the weather, piled. There was much testimony as to its condition as to stains. This witness was familiar with this business, an expert therein, and he was competent to answer the question, and his testimony was relevant as shedding light on the cause of the stains on the lumber, and when it probably occurred. And there was evidence that stains, in certain classes of the lumber mentioned in the contract, would be no defect therein.

[3] The court sustained objection of the plaintiffs to this question asked by the defendants of its witness Oden, who was a defendant:

"I will ask you to state whether or not delivery of poplar lumber, under these orders you held, was being insisted upon by your customers in various parts of the country?"

In this ruling there was no error. It was res inter alios acta as to the plaintiffs. And this evidence would shed no light on whether the lumber tendered the defendants by the plaintiffs was in accordance with the contract. Section 22, C. J. p. 741; section 832, headnote 19; Andrews v. Tucker, 127 Ala. 603, 29 So. 34.

[4] The defendants insist the motion for a new trial should have been granted on the ground the verdict was contrary to the great weight of the evidence. The evidence on all material issues was in direct conflict. Two juries passed on the evidence, and each returned a verdict in favor of the plaintiffs. It was clearly a jury case, and we cannot affirm from the evidence that the verdict was contrary to the great weight of the testimony, and we must hold the trial court did not err in overruling the motion for a new trial on the ground mentioned.

[5] The defendants requested and the court refused to give the general affirmative charge, with hypothesis in their favor. It is assigned as error, but the appellant does not insist thereon in brief, and it is thereby waived. Leahy v. State, 214 Ala. 107, headnote 1, 106 So. 599.

[6] The defendants requested and the court refused to give written charge No. 2. The principle of law stated, or attempted to be stated in this charge, was fairly and substantially covered by the general oral charge of the court and by given charges numbered 3, 4, 5, 6, and 9, requested by the defendants. Section 9509, Code of 1923.

[7] Written charge No. 7 was requested by the defendants and refused by the court. In this there was no error. It was calculated to mislead the jury and it ignored entirely the evidence of the plaintiffs tending to show that, under the contract, if some of the lumber was stained or otherwise reduced in grade, yet it would still be No. 3 common and better lumber and would come within the specifications of the contract. See headnote 15 of this case on former appeal, 210 Ala. 583, 98 So. 730.

[8] Written charge No. 8, requested by the defendants, was refused by the court. This charge is on the measure of damages, in the event the defendants recover. The principle of law attempted to be stated by this charge was substantially covered by the general oral charge of the court to the jury. And the jury having returned a verdict in favor of the plaintiffs, they thereby found from the evidence that the contract was breached by the defendants, and not by the plaintiffs, and that the plaintiffs, and not the defendants were damaged. This charge, as to the measure of damages, if the jury should find for the defendants, if error, which we do not decide, was harmless to the defendants, in view of the jury's verdict. Fike v. Stratton, 174 Ala. 541, 56 So. 929; Ogburn-Griffin Co. v. Orient Ins. Co., 188 Ala. 218, headnote 2, 66 So. 434; rule 45 of this court; section 9509, Code of 1923.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.