This is an appeal from a judgment denying a new trial in an eminent domain case where the State condemned a part of the Shepards' property for a highway.
The only issue tried below was the amount of damages to be awarded for the property taken.
The only issue on the appeal is whether the trial court committed reversible error in refusing to grant a new trial on the ground that the jury verdict is excessive.
At the time of the taking, condemnees owned an auto repair business located on their property where large tractor-trailer trucks and other vehicles were repaired.
State's witness L.E. Tyson, the right-of-way engineer for the highway department, testified in substance as follows:
After the highway project is completed, condemnees' present and unlimited access to the existing four-lane highway or "Phenix City Bypass" will be blocked by a fence having a height of three to four feet. Ingress to and egress from the condemnees' property will be by way of an access road twenty-two feet in width which the State will construct and which will have curbs on each edge or margin of same. After the project is completed and the fence and access road are in place, any large motor vehicle that enters upon the condemnees' property by the access road will not be able to leave the property without backing about 300 feet along the access road, because of the size of the vehicle, the narrowness of the access road, and the fact that the access road will dead-end on the condemnees' property.
The State's appraiser fixed the damages to the property in question at $15,050.00. He arrived at that figure by fixing the value of the land prior to the date of condemnation, $60,150.00, and subtracting therefrom the value after the date of condemnation, $45,100.00. He further stated that the remaining property had use remaining after the condemnation; he stated that the property could be used as an auto repair shop, a TV and radio repair shop, a plumbing contractor's shop, an electrical contractor's shop, office storage, or an automobile tire sales store.
The condemnees' expert testified that she had been engaged in the realty business in the area for ten or more years. She placed a before taking value on condemnees' property of $120,000.00 and an after value of $36,000.00 and accordingly fixed their damages as a result of the taking at $84,000.00. In making her appraisal, she considered as valid "comparables" parcels of property which were all located on the bypass. She based her appraisal on a front-foot value rather than a square foot value, which was in keeping with local custom and usage. She consulted with other real estate people and engineers in making her appraisal. She knew of no property on the bypass that had sold for less than $450.00 a front foot; some sold for as high as $800.00 a front foot. *Page 134 
Condemnees' property fronts 97.5 feet on the bypass.
Donnell Shepard, one of the condemnees, testified in substance as follows:
Very large, as well as smaller-sized vehicles, are repaired at his garage on the subject property.
He placed the before taking value on his property at $150,000.00, the after value at $30,000.00 and condemnees' damages resulting from the taking at the difference of $120,000.00.
The trial court's general charge to the jury included the following instructions:
 "Now, you are not bound by the opinions of experts as to matters about which they expressed an opinion. You may draw your own conclusions as to values in this case based upon a consideration of all of the evidence that you have heard.
". . . .
 "Now, in this case you have heard testimony as to the value of this property. Now, I am not trying to give you any judgment as to value of the property. I am going to charge you, though, that you can't return a verdict for less than $15,050.00. That is the lower figure that you can bring. Nor can you bring in a verdict for more than $120,000.00. Those are the two variables or the two ends that you have heard testified to here today."
The State did not object to any part of the court's charge.
The jury returned a verdict for $75,000.00. The State argues that the trial court erred in refusing a new trial on the single ground that the verdict is excessive. We disagree and affirm.
By a long line of cases, we have consistently held that where the jury returns a verdict which falls within the expert testimony, as it did here, we will not reverse a judgment entered on that verdict on the single ground that the verdict is excessive. We are especially loath to do so where the trial judge refuses a motion for new trial on that ground. Such is the case before us. State v. Waller, 395 So.2d 37 (Ala. 1981);State v. McLemore, 387 So.2d 827 (Ala. 1980); State v. Steele,374 So.2d 325 (Ala. 1979); State v. Long, 344 So.2d 754 (Ala. 1977); State v. Colley Corp., 295 Ala. 204, 326 So.2d 120 (Ala. 1976).
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.