TORBERT, Chief Justice.
This is an appeal from a judgment entered on a jury verdict in an eminent domain proceeding in which Lilia Cooper was awarded the sum of $37,000 as damages for land taken for use as a right-of-way for public roads. We reverse.
The State urges that error occurred when certain testimony of an expert witness was admitted over timely objection. More specifically, that appellee’s witness Petersen should not have been allowed to testify as to the sum of money paid the City of Robertsdale for its property located near that of Cooper because such sale was not a voluntary one but to the contrary was made under threat of condemnation. We agree.
The price paid for other property taken by the condemnor is not admissible to show how the appraiser arrived at the value of the property in question. Our cases are clear and consistent on this issue. In Leahy v. State, 214 Ala. 107, 106 So. 599 (1925), we held that the price obtained for other land subject to condemnation is in the nature of a “compromise settlement” and that evidence of the price of other land is “clearly incompetent.” 214 Ala. at 108, 106 So. at 600.
*772 Further, it is a well established rule in Alabama that in condemnation proceedings “the price paid by the condemnor for other lands which are to be used for the same purpose as the lands being condemned is inadmissible, and its admission is reversible error,” State v. Hodge, 280 Ala. 422, 424, 194 So.2d 827, 829 (1967). See also, State v. United States Steel Corp., 410 So.2d 56 (Ala.1982). The rationale behind this rule was articulated in United States ex rel. Tennessee Valley Authority v. Bailey, 115 F.2d 433 (5th Cir.1940): “Such evidence complicates the record, confuses the issue, is misleading, and especially in condemnation cases, raises collateral issues as to the conditions under which such sales were made . . . . ” 115 F.2d at 434.
The appellee argues that even if the trial court committed error by admitting Petersen’s testimony regarding the price paid for property under threat of condemnation, the State did not suffer substantial injury from that erroneous ruling. We disagree.
There was a wide range of testimony presented concerning the value of Cooper’s land. Those valuations ranged from a low of $14,150 to a high of $72,968. The testimony concerning other condemned land placed a value of $30,200 on similar land subject to condemnation. It appears that the jury’s assessment of damages at $37,000 was probably substantially influenced by the testimony concerning other condemned land. Thus, the admission of this testimony does not constitute harmless error, Rule 45, A.R.A.P., and the judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON and BEAT-TY, JJ., concur.
FAULKNER, EMBRY and ADAMS, JJ., dissent.
SHORES, J., recused.