EMBRY, Justice.
This is an appeal from a judgment entered on' a jury verdict in an eminent domain proceeding. We affirm.
The State of Alabama acquired 23.92 acres of an industrial park containing 341.-55 acres and owned by appellees or in which some of them had an interest of various types. Appellees appealed to the circuit court and the case was tried to a jury on the issue of damages only. The award was $51,500 under evidence of damages ranging from a high of $250,000 to a low of $14,352. No exceptions were taken to the trial court’s oral charge and the State proffered no written requested charges.
Statement of the issues was made in the State’s brief as follows and citations of authorities appear in support as indicated:
“STATEMENT OF THE ISSUES
“(ONE)
“Sales to prospective condemnors inadmissible to prove value of real estate involved in condemnation proceeding.
“Leahy vs. State (1925) 214 A1 107, 106 So. 599
“Southern Electric Generating Company vs. Lance (1959) 269 A1 25, 110 So.2nd 627 (dictum)
“State vs. Boyd (1960) 271 A1 584, 126 So.2nd 225
“Alabama Power Company vs. Sides, 212 A1 687, 103 So. 859
“85 ALR 2nd 163, Section 10
“27 AM JUR 2nd, Page 335, Section 430
“(TWO)
“A witness must be acquainted with the property taken before he can express an opinion as to value. Mere general knowledge not sufficient.
“Langdon vs. Loup River Public Power District (1944) 144 Neb. [325] 13 NW 2nd 168
“People vs. McReynolds, (1939) 31 Cal. App.2nd 219, 87 P.2nd 734
“Wheeler and W. Mfg. Company vs. Buckhart, 60 NJL 102, 36 A 772
“(THREE)
“Owner’s future plans for the use of his property are generally irrelevant in determining market value.
“29 CJS, Page 69, Note 50-5
“Metropolitan Water District vs. Adams (Cal.App.) 99 P.2nd 659
“(FOUR)
“Cost of improvements inadmissible in determining market value. Cost is not synonymous with market value.
“43 CJS 568
“Cleveland C.C. & St. L Railway Company vs. Vettel, 133 NE 606, 81 Ind.App. 625
“Kinter vs. U.S. 156 Fed.2nd 5, 172 ALR. 232
“OGAL on VALUATION Vol. 2, page 7
“Jacksonville vs. Wash [Walsh] 106 Ill 253
“(FIVE)
“Court, over objection of appellant, permitted appellee in his opening statement to prejudice the jury against appellant and make it impossible for appellant to get a fair trial in this cause.
*275 “Mazer vs. Brown, 259 Al. 449, 66 So.2nd 561
“88 CJS — Trial page 314, Section 161, Notes 35, 36, 37”
In a well written brief, appellees countered with the following “Statement of the Issues” and the citation of authorities shown:
“STATEMENT OF THE ISSUES
“The State has set out five issues. Those five are stated below with the property owner’s citation of authority in response to each issue:
“(One). Sale to prospective condemn-ors inadmissible to prove value of real estate involved in condemnation proceeding.
“Alabama City Bank of Gadsden vs. Walter J. Vaughn, 413 So.2d 1053 [Ala., 1982].
“Knabe v. State, 285 Alabama 321 [231 So.2d 887].
“Watson vs. McGee, 348 So.2d 461 [Ala., 1977].
“Alabama Rules of Appellate Procedure No. 45.
“(Two). A witness must be acquainted with the property taken before he can express an opinion in value. Mere general knowledge not sufficient.
“Housing Authority of the City of Decatur vs. Decatur Land Company, 258 Ala. 607 [64 So.2d 594].
“Hewett vs. McGaster, 272 Ala. 498 [133 So.2d 189].
“(Three). Owner’s future plans for the use of his property are generally irrelevant in determining market value.
“Housing Authority of City of Decatur vs. Decatur Land Company, 258 Alabama 607 [64 So.2d 594].
“State vs. Goodwyn, 272 Ala. 618 [133 So.2d 375].
“(Four). Cost of improvements inadmissible in determining market value. Cost is not synonymous with market value.
“State vs. Woodham, 288 Ala. 608 [264 So.2d 166].
“27 Am.Jur. 2d, Section 439, page 349.
“(Five). Court, over objection of appellant, permitted appellee in his opening statement to prejudice the jury against appellant and make it impossible for appellant to get a fair trial in this cause.
“State vs. Woodham, 292 Ala. 363 [294 So.2d 740].
“(Six). Issue No. 6 was not raised by the State of Alabama and is raised by the property owners. That issue is in the trial of a condemnation case which relates solely to damages and compensation to which the landowner is entitled and the amount of the verdict of the jury is not questioned on appeal, assignments of error relating to the correctness of jury charges, jury arguments and ruling on evidence which deal with damages and compensation cannot work a reversal.
“State v. Long, 344 So.2d 754 [Ala., 1977],
“State v. Pugh, 293 Ala. 593 [308 So.2d 248].
“State v. Shepard, 411 So.2d 132 [Ala., 1982].”
Appellees’ sixth issue does not “take care of issues one through five,” as they contend. The rule is stated correctly in State v. Shepard, 411 So.2d 132 (Ala.1982), at p. 134: “... [W]here the jury returns a verdict which falls within the expert testimony, as it did here, we will not reverse a judgment entered on that verdict on the single ground that the verdict is excessive.” (Emphasis added.) That is not the posture of this case.
Issue One
Testimony was admitted regarding a voluntary sale to Alabama Power Company (an entity with the right to exercise the powers of eminent domain for statutorily authorized express purposes) made at a time when there was no threat of condemnation nor any proceedings pending and the property was not a part of that included in the Highway Department’s project. There was no error in admitting this evidence. Furthermore, no grounds were assigned when objection was made. Cf. State v. Cooper, 420 So.2d 771 (Ala.1982).
*276 Issue Two
The State questions the qualifications of appellees’ witness Garrison to give expert opinion evidence regarding the value of the property of appellees. The testimony of that witness shows that he had been buying and selling real estate for a period of 51 years at the time he testified; had knowledge of the market value of land located in the area of that the subject of litigation; was acquainted with comparable sales; was a licensed realtor; had appraised properties in the area for others, including the State; one element of damages would be lack of access; and that total damages suffered would, in his opinion, be in the amount of $239,200. The witness was amply qualified and the trial court did not abuse its discretion in admitting this evidence. See e.g. State v. Self, 293 Ala. 541, 307 So.2d 11 (1975).
Issue Three
The State urges as error to reversal, admission of evidence regarding the plan of future development for the industrial park from which the condemned parcel was taken. This evidence was offered and received to show market value based upon the highest and best use for which the property is adapted or reasonably adaptable. There was no error in admitting the evidence. State v. Goodwyn, 272 Ala. 618, 133 So.2d 375 (1961).
Issue Four
Admission of evidence regarding the cost of improvements situated upon or a part of the condemned property is urged as error by the State. Appellees correctly contend that when property is condemned upon which buildings have been erected, then insofar as the buildings enhance the market value of the land those buildings may be considered in determining just compensation to be paid the owner. Further, cost of improvements are admissible if they were necessary, enhanced the value of the property to the extent of their cost, and have a reasonable bearing on the market value of the property before and after the taking. There was evidence to this effect and admitting it did not constitute error. State v. Woodham, 288 Ala. 608, 264 So.2d 166 (1972).
Issue Five
Lastly, the State contends there was prejudicial error resulting from prejudicial remarks to the jury from appellees’ counsel in his opening statement. Objections were sustained and no further action of the trial court was requested by the State. No error resulted from this ruling. Carroll Kenworth Truck Sales, Inc. v. Leach, 396 So.2d 1044 (Ala.1981).
Each of the contentions of the State urging error as stated in its issues for review was more fully answered in the excellent charge given the jury. It is worthy of inclusion in this opinion.
“THE COURT: All right. Ladies and gentlemen, that concludes our portion of it. The rest of it remains to you. You are the tryers of the facts. I’m simply here to interpret and give you the law in the case. I don’t want you to think that any ruling that I have made or anything that I have said is in any way reflecting upon any opinion I might have upon the case. That is not my purpose. You are the sole judges of the evidence and of facts. Anything that the attorneys have said in the course of this proceeding is not to be taken by you as evidence or facts in the cause. They are attorneys. They are representing their particular client, their particular client’s interest.
“I will now read to you and give to you the law which you will take and apply to the evidence and Exhibits which have been presented into evidence in reaching your verdict. This is an eminent domain proceeding. It is a proceeding by which there are certain authorities which are authorized by law to take through eminent domain condemnation the private properties of others. The parties hereto have stipulated that the State of Alabama has a right to condemn, has a right to take the property. The only question with which you will be confronted is the amount of compensation. *277 I would charge you that eminent domain is the right of the State or to those to whom the power has been delegated to take private property for public use without the owner’s consent and to appropriate ownership and possession of the property upon claimant [payment] of just compensation. Condemnation is a legal proceeding to acquire private property for a public use in the exercise of the right of eminent domain by an authority possessing such right. The question of Petitioner’s right to condemn the property involved is a question of law with which you are not concerned. As I have instructed you, the parties have heretofore conceded and stipulated that the State has the power to condemn.
“This case is in the Circuit Court by way of an appeal from the Probate Court of this County. Such case the law provides that the case be tried de novo, that is that it be tried anew without any regard being given to the action taken in the Probate Court. The judgment decision of the Court is not before you and it would be improper to consider it in this trial. As I have instructed you, the sole question for your consideration is the consideration, that is the question of the amount of compensation for damages, if any, to be awarded the land owner. Just compensation means the payment of such sum of money to the property owner that the owner will be saved harmless as near as may be and put in as near the same condition as such owner would have been but for the condemnation. The date of the taking in this case was July the 7th, 1980. The date on which the application—
“MR. SMITH: Excuse me, Judge. I believe it’s ’81. I don’t want to interrupt—
“THE COURT: Excuse me, it is ’81. July the 7th, 1981. The day on which the application for order of condemnation was filed in the Probate Court. And your valuation should be as of that date. Now, market value is the price the property would bring when offered for sale by a willing seller who is not forced to sell and which is sought by a willing buyer who is not required to buy after due consideration of all the elements affecting value.
“Now, in this case we have had various experts to testify. In that regard I would charge you: there have been witnesses who have testified in this case and the parties contend are qualified as experts. And these witnesses were allowed to give their opinion as to value or other matters. You are not bound by the opinion of experts as to the matters about which they expressed such opinions. You may draw your own conclusions as to matters in question upon a consideration of all the evidence in the case.
“I further charge you, ladies and gentlemen of the jury, that in determining what is just compensation you may consider the uses to which the property is reasonably adapted though the property is not presently so used as the land owner is entitled to have the value of the property determined based on its highest and best use. If you are reasonably satisfied that there existed a prospective use affecting the value of the property the date of the taking that is an element for your consideration. But you should not consider speculative or imaginative uses of the property or merely speculative plans of the property owner.
“I would further charge you, ladies and gentlemen of the jury, that the land owner is entitled to recover the reasonable market value of the property taken as of the date of the taking. The term reasonable market value, cash market value, fair market value or fair cash market value are considered substantially synonymous.
“I would further charge you, ladies and gentlemen of the jury, that you may take into consideration in determining just compensation the value of the land taken, the actual acreage or lots taken, any injury to the remaining part of the tract of land taking the entire tract as a unit and the adaptability of the land for a special purpose affecting its value. The proper way to arrive at the diminished value of the tract of land is the difference in the market value just before and just after the taking. These other elements are factors that you may use in taking into consideration in arriving at what you consider to be just compensation.
*278 “I further charge you, ladies and gentlemen of the jury, that when you have determined the amount of compensation to which the land owners are otherwise entitled, then you should compute interest at the rate of 6% per annum on the sum of compensation from the time the condemnor, the State of Alabama, took actual possession of the property, that is July the 7th, 1981, until the present time and add such interest to the other damages in order to arrive at one lump sum as just compensation.
“It remains now for you to retire and consider your verdict. You will elect one of your members as foreman and as soon as you have reached a verdict you will notify my Bailiff and you will return to the Court to give that verdict.
“Gentlemen, if you would, approach the bench before the jury is out. (Whereupon, there was an off the record discussion at the bench, in the presence of but outside the hearing of the jury, after which, the following occurred:)
“THE COURT: Ladies and gentlemen, I would further charge you that if you do not believe any witness’ testimony as to a material issue you may disregard that witness’ testimony as to all material issues or as to his testimony.
“I would further charge you that in reaching your verdict it must be a unanimous verdict, that is the verdict of each and every one of you.
“MR. CARR: I’m satisfied.
“THE COURT: Satisfied?
“MR. SMITH: Satisfied, your Honor.
“THE COURT: All right.”
There appearing no error in the record, the judgment below is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.